BANCO POPULAR DE PUERTO RICO, demandante y recurrente, *v.* TROGOLO & MARTÍNEZ, INC., ET AL., demandados y recurridos.

*Número:* R-79-291      *Resuelto:* 19 de octubre de 1979

168

*Baragaño, Arzuaga & Zayas,* abogados del recurrente; *Miguel A. Velázquez Rivera, Luis A. Garrastegui* y *Carmen Rita Vélez Borrás,* abogados de los recurridos Edson López y Mirna Robles; *E. Alcaraz Casablanca,* abogado de los recurridos Carlos A. Romaguera y Awilda Agrait.

PER CURIAM: El Banco Popular de Puerto Rico instó demanda en reclamación del pago de un pagaré por la cantidad de $64,100.00 contra Trogolo & Martínez, Inc., Frank Trogolo, Jr., Rafael Martínez Céspedes y otros. Al terminar el desfile de la prueba del Banco los codemandados Edson López y esposa y Carlos Romaguera y esposa solicitaron que a tenor con las disposiciones de la Regla 39.2 de Procedimiento Civil, se desestimara la demanda. El tribunal de instancia dictó sentencia declarando con lugar la desestimación por el fundamento de que no se había presentado prueba de que Trogolo, Jr., o Martínez Céspedes fueron presidentes, oficiales, accionistas, agentes o empleados de la corporación Trogolo & Martínez, Inc., debidamente autorizados mediante resolución de la Junta de Directores de dicha corporación. Solicitada oportunamente reconsideración el tribunal denegó el ejercicio de discreción para dejar sin efecto la sentencia, reabrir el caso al amparo de la Regla 49.2 de Procedimiento Civil y permitirle al recurrente Banco Popular de Puerto Rico presentar en evidencia la resolución de la Junta de Directores de Trogolo & Martínez, Inc., autorizando a los recurridos Trogolo, Jr., y Martínez Céspedes a tomar préstamos a nombre de la corporación.

Los recurridos han comparecido en sendos escritos de

oposición a la expedición del auto. A pesar del apreciable esfuerzo que revelan ambos escritos no nos persuaden.

Estamos de acuerdo que el recurrente Banco Popular de Puerto Rico incurrió en una omisión negligente al no presentar en el juicio la resolución de marras. Tal omisión, sin embargo, sólo constituye negligencia excusable y, en las circunstancias de este caso, incidió el tribunal de instancia al negarse a reabrir el caso y permitir la presentación de evidencia de la resolución. Aparece del expediente que el pagaré objeto del pleito fue suscrito por Trogolo, Jr., y Martínez Céspedes tanto en el carácter personal de ellos como en representación de la corporación Trogolo & Martínez, Inc. En la "Moción Consolidada Solicitando la Desestimación de la Demanda y que se Dicte Sentencia Sumaria" presentada por los codemandados Edson López y esposa aparece del párrafo noveno, como un hecho sobre el cual no existe controversia, que Trogolo & Martínez, Inc., hizo pagos correspondientes al capital e intereses de la cuenta existente en el Banco Popular, lo cual podría interpretarse como una aceptación de la deuda. Aparece, además, en la contestación a la demanda contra coparte la alegación de Trogolo, Jr., al efecto de que en la transacción con el codemandado Edson López actuó en el carácter de Presidente de la Corporación Trogolo & Martínez, Inc. En el escolio 2 de la página 3 de la sentencia del tribunal de instancia se hace constar también que en los incidentes previos al juicio se presentó la prueba documental concernida pero no se presentó la misma en el juicio. Más aún, los recurridos obtuvieron antes del juicio por medio del descubrimiento de prueba copia de las resoluciones corporativas autorizando la transacción.

Ningún perjuicio podía ocasionar a los recurridos la reapertura del caso para la presentación de prueba que ya ellos conocían y, que por tanto, no constituía sorpresa. El denegar la reapertura, sin embargo, constituía un grave perjuicio al recurrente porque le impedía cobrar un pagaré de $64,100.00 sobre el cual no hay duda de su existencia y de la

responsabilidad de Trogolo, Jr., Martínez Céspedes y Trogolo & Martínez, Inc., quienes lo suscribieron, como hemos visto, en carácter personal y además a nombre de la corporación. Una simple omisión como la de este caso no debe impedir al tribunal de instancia ejercitar su discreción para reabrirlo y permitir al demandante presentar la referida resolución y luego resolver como corresponda. Incurrió en error el tribunal de instancia al no permitirlo.

*Se dictará sentencia expidiendo el auto, revocando la sentencia aquí recurrida y devolviendo los autos al tribunal de instancia para que se continúen los procedimientos.*

El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Negrón García no intervinieron.