NEPTUNE PACKING CORP., demandante y recurrida, *v.* THE WACKENHUT CORP. ET AL., demandados y peticionarios.

*Número:* CE-86-141      *Resuelto:* 14 de enero de 1988

*Iván M. Fernández*, de *Falcón & Fernández*, abogado de los peticionarios; *Sonsire Ramos Soler*, de *Rivera, Tulla & Ferrer*, abogada de la recurrida.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

El presente recurso nos permite enfatizar nuevamente los valores que inspiran nuestras Reglas de Procedimiento Civil y la interacción de las Reglas 45.3 y 49.2 (32 L.P.R.A. Ap. III) en lo relativo al relevo de sentencias. Además, nos permite pautar sobre el alcance de lo dispuesto en el Art. 20.030 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 2003.

I

A raíz de unos incidentes ocurridos en las facilidades de Neptune Packing Corp. (Neptune), ésta presentó posteriormente y el mismo día dos demandas idénticas para recuperar pérdidas cuantiosas ocasionadas por la apropiación ilegal de cajas de atún por un guardia de seguridad: una dirigida contra The Wackenhut Corp. (Wackenhut), Civil Núm. CS-83-822, patrono del guardia, y la otra contra la Home Insurance Co. (Home), Civil Núm. CS-83-821, su aseguradora. Los hechos que dan base a ambas demandas son los mismos. Las demandas fueron referidas a dos salas distintas del Tribunal Superior de Mayagüez.

Emplazada Wackenhut, ésta refirió la demanda a su aseguradora Home, según era la práctica corriente, para que

atendiera la reclamación. También se emplazó a Home en la acción directa contra ella a través de su agente residente en Puerto Rico. Home remitió el emplazamiento y la demanda incoada contra ella a su representante legal en Puerto Rico para que atendiera el caso. Sin embargo, Home no le envió al abogado el emplazamiento y la demanda que se presentaron contra la Wackenhut, porque el oficial de la aseguradora Home, tras haber recibido ya la reclamación contra ella y haberla referido a su representante legal, entendió que se trataba de una misma demanda y descansó en que su representante estaba atendiendo la defensa de Wackenhut.(1) La representación legal de Home es la misma de Wackenhut.

En el caso presentado contra la Home ésta contestó la demanda y levantó catorce (14) defensas encaminadas a negar la responsabilidad de su asegurada Wackenhut. En dicho caso se procedió entonces al descubrimiento de prueba.

En el pleito presentado contra la Wackenhut ésta no contestó la demanda, por las razones ya apuntadas, y la demandante solicitó la anotación de rebeldía un día después de transcurrido el término para contestar la demanda. La Secretaría del Tribunal procedió de conformidad. De ello no se notificó a Wackenhut. El juicio en rebeldía fue señalado para el 14 de diciembre de 1983. De lo anterior se notificó a Wackenhut y ésta hizo las gestiones correspondientes con su aseguradora Home para que se atendiera el asunto. Home, creyendo que se trataba de la misma demanda que ya había contestado con sus catorce (14) defensas, informó que la demanda había sido contestada. No se informó al abogado de

---

(1) En los autos aparece una declaración jurada del señor Patty que atestigua lo anterior y asevera que en sus veintidós (22) años de experiencia en el negocio de reclamaciones de seguros, nunca había sabido de dos demandas presentadas por los mismos hechos.

Home en Puerto Rico, por lo que éste no compareció al juicio en rebeldía.

Celebrado el juicio en rebeldía, el tribunal de instancia dictó sentencia el 3 de abril de 1984 a favor de la demandante Neptune por la suma de $167,750.03. Dicha sentencia fue notificada por el tribunal el 6 de abril de 1984 al agente residente de la demandada Wackenhut, a la dirección de aquél, según constaba en los archivos del Departamento de Estado.

En el caso contra la aseguradora Home se llevó a cabo un descubrimiento de prueba en el que participó su representante legal. Nunca se le informó a éste por los abogados de Neptune la presentación de la otra demanda y la obtención de sentencia en rebeldía. Tampoco se le informó al tribunal que estaba atendiendo dicho caso, aun cuando ya estaba listo para vista en su fondo, que en el caso contra Wackenhut ya se había obtenido la sentencia en rebeldía y se estaba en proceso de ejecutarla.

La Autoridad de Carreteras adeudaba a Wackenhut unos fondos por servicios prestados. En la ejecución de la sentencia obtenida en rebeldía, Neptune logró embargar los fondos en poder de la Autoridad de Carreteras. Las dos (2) notificaciones hechas por el tribunal a Wackenhut relativas al trámite del embargo fueron hechas a direcciones erróneas, por lo cual Wackenhut no se enteró del mismo.

No es hasta el 14 de enero de 1985, cuando Wackenhut le requiere a la Autoridad de Carreteras el pago del dinero adeudado, que se entera que los fondos han sido embargados. En dicha ocasión se entera propiamente de la sentencia dictada en su contra y del desenlace de la misma.

El 17 de enero de 1985 Wackenhut presentó ante el tribunal de instancia una moción titulada: "Comparecencia Especial y Solicitud de Remedios Urgentes." En esta moción los peticionarios informaron al tribunal que no se les había notificado la sentencia dictada el 3 de abril de 1984, por lo que

solicitaban que se les notificara nuevamente la sentencia. Además, también solicitaron que se dejaran sin efecto las órdenes de embargo. El tribunal accedió a lo solicitado, y el 6 de febrero de 1985 volvió a notificar a los peticionarios la sentencia. Unos días más tarde, el 23 de febrero de 1985, los peticionarios presentaron una moción para solicitar el relevo de la sentencia dictada en rebeldía, al amparo de las Reglas 45.3 y 49.2 de Procedimiento Civil, *supra*.

En resumen, se trata de dos acciones presentadas separadamente contra dos demandados, bajo idénticas causas de acción, y los mismos hechos y abogados. Su tramitación se ventiló por dos rieles que discurrían paralelamente uno al lado de otro, pero que jamás convergieron en un punto común.

El tribunal de instancia se negó a dejar sin efecto la sentencia. Contra tal determinación, Wackenhut acudió ante nos.

Oportunamente emitimos una orden para que se mostrara causa de por qué no debíamos dejar sin efecto la sentencia. Ambas partes han comparecido y estamos en posición de resolver.

## II

Las Reglas de Procedimiento Civil se inspiran armoniosamente en tres valores fundamentales de justicia, rapidez y economía, enmarcados en la norma de buena fe que debe permear la tramitación de toda causa de acción. Para que ello se logre se requiere un enfoque integral, pragmático y creativo de nuestro ordenamiento procesal y sustantivo que con voluntad, sinceridad y acción, le dé vida a dichos valores y los convierta en vivencias y realidades cotidianas, atendiendo así las altas expectativas de nuestro contorno social.

Por los fundamentos que a continuación expresamos incidió el tribunal de instancia al no relevar a Wackenhut de la sentencia en rebeldía.

### III

La presentación de un caso contra Wackenhut y de otro contra su aseguradora no sólo contraviene el Art. 20.030 del Código de Seguros de Puerto Rico, *supra*, sino que también contraviene los principios de justicia, rapidez, economía y buena fe antes señalados.

La demandante Neptune debió haber incluido a Wackenhut y a su aseguradora en una sola demanda.([2]) Ello hubiera evitado las situaciones aquí causadas y hubiese permitido una mejor administración de la justicia.

■ Conforme al Art. 20.030 del Código de Seguros de Puerto Rico, *supra*, cuando una persona natural o jurídica alega haber sufrido daños y perjuicios ocasionados por las acciones y omisiones culposas o negligentes de un asegurado, ésta tiene tres (3) opciones para canalizar su causa de acción: (1) dirigirse directamente contra el asegurador; (2) hacerlo contra el asegurado, o (3) contra el asegurador y el asegurado conjuntamente.([3]) Cuando la persona se dirije

---

([2]) La Regla 17.1 de Procedimiento Civil dispone sobre la acumulación permisible de partes. 32 L.P.R.A. Ap. III. Ya en *Carrasquillo* v. *Tribunal Superior*, 87 D.P.R. 661 (1963), exhortamos a su utilización. Tal exhortación la reiteramos en *Meléndez* v. *Levitt & Sons of P.R., Inc.*, 106 D.P.R. 437 (1977).

([3]) Esta sección lee como sigue:

"(1) La persona que sufriere.los daños y perjuicios tendrá, a su opción, una acción directa contra el asegurador conforme a los términos y limitaciones de la póliza, acción que podrá ejercitar contra el asegurador solamente o contra éste y el asegurado conjuntamente. La acción directa contra el asegurador se podrá ejercer solamente en Puerto Rico. La responsabilidad del asegurador no excederá de aquella dispuesta en la póliza, y el tribunal deberá determinar no solamente la responsabilidad del asegurador, si que también la cuantía de la pérdida. Cualquier acción incoada conforme a esta sección estará sujeta a las condiciones

contra el asegurado, solamente lo hace sin perjuicio del derecho del perjudicado de instar una causa de acción posterior contra el asegurador y reclamarle a éste el pago de la indemnización *a que tiene derecho por sentencia firme` contra el asegurado*.

El Código de Seguros no estipula normas para entablar una acción por los mismos hechos contra el asegurador y otra acción idéntica y simultánea contra el asegurado, que fue lo que la demandante, Neptune, hizo en el presente caso. Ya en *Trigo* v. *The Travelers Ins. Co.*, 91 D.P.R. 868 (1965), habíamos sostenido que el asegurador tiene responsabilidad absoluta de asumir una pérdida cubierta por la póliza.

La conducta de la representación legal de Neptune no está acorde con los valores antes mencionados. Neptune nunca informó personalmente a la representación legal, tanto de Home como de Wackenhut, que contra esta última se había dictado sentencia en rebeldía, aun cuando los representantes legales de ambas partes habían participado en deposiciones y otras fases del descubrimiento de prueba en el caso contra Neptune.

Por otra parte, Neptune nunca informó al tribunal de instancia que se habían presentado dos demandas idénticas por los mismos hechos, y que en una ya se había obtenido sentencia en rebeldía y embargo de fondos. Existía el deber de la representación legal de Neptune de revelar al tribunal lo acontecido en el caso de autos.

---

de la póliza o contrato y a las defensas que pudieran alegarse por el asegurador en acción directa instada por el asegurado.

"(2) Si el perjudicado entablara demanda contra el asegurado solamente, no se estimará por ello que se le prive, subrogándose en los derechos del asegurado con arreglo a la póliza, del derecho de sostener acción contra el asegurador y cobrarle luego de obtener sentencia firme contra el asegurado." (Énfasis suplido.) 26 L.P.R.A. sec. 2003.

Estando el presente recurso ya ante nuestra consideración, Neptune, sin notificar ni a Wackenhut ni a su representante legal, presentó ante el tribunal de instancia una moción para solicitar aseguramiento de la efectividad de la sentencia, al amparo de la Regla 56 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y obtuvo nuevamente un embargo de fondos de Wackenhut en la Autoridad de Carreteras.

Los abogados son funcionarios del tribunal y, como tales, están llamados a ayudarlos en su misión de hacer justicia rápida y económica. *In re Cardona Álvarez* 116 D.P.R. 895 (1985); *Reyes* v. *Jusino*, 116 D.P.R. 275 (1985).

■ Independientemente de si las Reglas de Procedimiento Civil literalmente requieren que Neptune informara al tribunal y a la representación legal de Wackenhut lo que estaba ocurriendo en el caso, los valores que encarnan el juego limpio y no el subterfugio así lo requerían. *Berríos* v. *U.P.R.*, 116 D.P.R. 88, 91 (1985).

IV

■ El inciso (1) de la Regla 49.2 de Procedimiento Civil, *supra*, dispone que el tribunal, mediante moción y bajo aquellas condiciones que sean justas, podrá relevar a una parte de una sentencia por error, inadvertencia, sorpresa o negligencia excusable. Tanto bajo este inciso como bajo el texto total de la regla, existen requisitos que deben cumplirse para que el tribunal en su discreción conceda el remedio. Bajo el inciso (1) es necesario alegar que se tiene una defensa válida que oponer a la reclamación del peticionario. *Fine Art Wallpaper* v. *Wolff*, 102 D.P.R. 451 (1974). *En este caso se cumple con este requisito. Basta con señalar que en la contestación a la demanda en el caso contra la aseguradora de Wackenhut, es decir Home, se levantan catorce (14) defensas afirmativas aplicables, claro está, a Wackenhut.*

■ Otro de los criterios que hemos expresado que debe tomarse en consideración, al determinar si procede una solicitud de relevo bajo el inciso (1), es si la otra parte sufrirá perjuicio, de conceder el tribunal el relevo solicitado. También debe tomar en consideración el tribunal qué perjuicio, si alguno, sufriría la parte promovente de no concederse el remedio solicitado. *Banco Popular* v. *Trogolo & Martínez, Inc.*, 109 D.P.R. 167 (1979). En el caso de autos, la demandante recurrida no sufriría perjuicio, de reabrir el tribunal el caso. Su alegación de que tendría que realizar descubrimiento es insostenible. El descubrimiento sobre esta materia ya lo realizó en el caso contra la aseguradora Home. Puede utilizarlo en el caso contra Wackenhut.

■ Para obtener el relevo tanto bajo este inciso como bajo el (6), es necesario también que el promovente de la solicitud haya sido diligente en la tramitación del caso. *Dávila* v. *Hosp. San Miguel, Inc.*, 117 D.P.R. 807 (1986). En el caso de autos la conducta de Wackenhut no puede ser tildada de poco diligente. Desde el momento en que recibe copia del emplazamiento, Wackenhut, dentro de las circunstancias, fue diligente en la tramitación del caso. Prueba de ello es que mientras recibía copia de las notificaciones, se comunicaba con su aseguradora para conocer las incidencias del caso. Lo que ocasionó la rebeldía de ésta no fue su poca diligencia, sino *la confusión causada por la demandante al presentar dos demandas sobre el mismo asunto. Esto produjo* la explicable inadvertencia del oficial a cargo de la reclamación en las oficinas de la aseguradora.

El relevo de la sentencia también procede al amparo del inciso (6) de la Regla 49.2 de Procedimiento Civil, *supra*. En *Sucn. Bravo* v. *Srio. de Hacienda*, 106 D.P.R. 672, 675 (1978) expresamos:

[S]i bien la Regla 49.2 no es una llave maestra para reabrir a capricho un pleito ya adjudicado, el inciso [(6)] de dicha Re-

gla es amplio para permitir que se corrija un error a todas luces injusto. Somos Tribunal de Justicia y aunque la justicia se pinta ciega, como símbolo de su imparcialidad, los tribunales que la imparten deben tener los ojos bien abiertos para impedir que ella se frustre. Cuando de hacer justicia se trata, no puede haber moldes técnicos que aprisionen los remedios justos. Para ese fin está el citado inciso [(6)] de la Regla 49.2, y los hechos ante nos justifican su aplicación.

■ Más recientemente en *Imp. Vilca, Inc.* v. *Hogares Crea, Inc.*, 118 D.P.R. 679, 686 (1987) expresamos: "[e]stos pronunciamientos recogen la visión jurisprudencial de vanguardia en lo que atañe al ideal de que los casos se ventilen en sus méritos". Entendemos que este es uno de los casos a los cuales se refiere la cita del caso de *Sucn. Bravo* v. *Srio. de Hacienda*, supra, donde las circunstancias del caso justifican que se conceda el remedio solicitado.

La justicia se vería frustrada de no conceder el tribunal el remedio solicitado. *Imp. Vilca, Inc.* v. *Hogares Crea*, supra; *Maldonado* v. *Srio. de Rec. Naturales*, 113 D.P.R. 494 (1982); *Garriga Gordils* v. *Maldonado Colón*, 109 D.P.R. 817 (1980); *Banco Popular* v. *Trogolo & Martínez, Inc.*, supra; *Sucn. Bravo* v. *Srio. de Hacienda*, supra.

## V

■ Las Reglas 45.3 y 49.2 de Procedimiento Civil de 1979, *supra*, están estrechamente relacionadas. Aunque en ocasiones hemos aludido ligeramente a dicha relación — *Díaz* v. *Tribunal Superior*, 93 D.P.R. 79 (1966); *González* v. *Chávez*, 103 D.P.R. 474 (1975)— nunca hemos expresado el alcance de la misma, particularmente en lo relativo a *sentencias* dictadas en rebeldía. La Regla 45.3 de Procedimiento Civil, *supra*, dispone que "[p]or causa justificada el tribunal podrá dejar sin efecto una anotación de rebeldía, *y, cuando se haya dictado sentencia en rebeldía,* podrá asimismo de-

jarla sin efecto de acuerdo con la Regla 49.2". (Énfasis suplido.) Expresamente sostenemos que los criterios inherentes a la Regla 49.2 de Procedimiento Civil, *supra*, tales como si el peticionario tiene una buena defensa en sus méritos, el tiempo que media entre la sentencia y la solicitud de relevo, y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia, son igualmente aplicables cuando se solicita que una *sentencia* dictada en rebeldía sea dejada sin efecto. *Murphy Lugo* v. *Atl. So. Insurance Co.*, 91 D.P.R. 335 (1964); J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña, Procedimiento Civil (II)*, San Juan, Publicaciones J.T.S., 1988, pág. 266; 10 *Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d*, Sec. 2694, págs. 493–494 (1983).

A la luz de los principios esbozados, el tribunal no ejerció adecuadamente su discreción. La conducta desplegada por Neptune y su representación legal, al no mantenerlo informado, lo indujo a esta actuación. Esto tuvo como consecuencia que no le diera la debida consideración a la norma común de las Reglas 45.3 y 49.2 de Procedimiento Civil vigentes, que presente la posibilidad de una buena defensa en los méritos. Ausente el perjuicio que pudiera ocasionar a la otra parte, se debe propiciar la adjudicación de los pleitos en sus méritos. *J.R.T.* v. *Missy Mfg. Corp.*, 99 D.P.R. 805, 811 (1971); *Román Cruz* v. *Díaz Rifas*, 113 D.P.R. 500 (1982). No se alcanzó el fino balance entre la deseabilidad de dar por terminados los pleitos y el que éstos se resuelvan en sus méritos. Wright, Miller & Kane, *op. cit.*, Sec. 2693, págs. 479–480.

Tomando en justa consideración y concediendo el peso apropiado, (1) al estado avanzado de los procedimientos en el caso contra la aseguradora Home, (2) a las alegaciones de Wackenhut al efecto de que ésta esgrimirá las mismas de-

fensas que en su caso ha esgrimido Home y (3) a las actuaciones indeseables de Neptune, es forzoso concluir que la balanza se inclina a dejar sin efecto la sentencia dictada en rebeldía contra Wackenhut, y ordenar su consolidación con su causa de acción germana, en el caso Civil Núm. CS-83-821 instado contra Home. La deseabilidad de que este pleito se vea en sus méritos sobrepasa el interés en dar por terminado el mismo, máxime cuando este último interés carece de posibilidad al estar pendiente de resolución un pleito idéntico en sustancia al que aquí tenemos en consideración.

Dadas las circunstancias particulares de este caso, decidimos no imponer a los peticionarios sanción económica alguna por relevarlos de la sentencia.

*Se expide el auto y se dicta la sentencia correspondiente.*