Aponte Jiménez, Juez Ponente
*611 TEXTO COMPLETO DE LA RESOLUCION
La demandada-apelante nos solicita la revocación de una sentencia emitida por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan, que declaró con lugar una demanda presentada por la apelada, Cortelco Puerto Rico, Inc. (Cortelco), de conformidad con la Regla 60 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 60. A continuación una reseña de los hechos e incidentes procesales ocurridos ante el tribunal recurrido.
El 31 de agosto de 1995 Cortelco presentó una demanda en cobro de dinero contra la aquí apelante. Reclamó la cantidad de $193.71, "por concepto de balance adeudado en contrato de uso de línea y consumo de tiempo (Airtime) de teléfono celular." Solicitó además el pago de $25.00 por las costas y gastos del pleito más $50.00 de honorarios de abogado.
El 7 de diciembre de 1995 se celebró la vista del caso en su fondo. Cortelco compareció a la vista, no así la demandada-apelante. El Tribunal determinó que la demandada-apelante fue debidamente notificada de la naturaleza de la reclamación y de la fecha señalada para la vista. Igualmente determinó que le adeudaba a Cortelco la cantidad reclamada en la demanda. Dictó sentencia en su contra con fecha de 7 de diciembre de 1995. Le ordenó pagar la suma de $193.75 a Cortelco más intereses legales desde la sentencia., a razón de diez (10%) porciento anual, $25.00 para las costas y gastos del pleito y $50.00 por concepto de honorarios de abogado.
En esa misma fecha, la demandada-apelante presentó su contestación a la demanda y un escrito intitulado "Moción Solicitando Señalamiento y/o Reconsideración". Adujo haber sido informada del señalamiento de la vista del caso. Señaló que el expediente del caso había sido referido a su abogado con posterioridad al señalamiento. Alego además que aunque no se tenía constancia de que efectivamente se hubiese emplazado correctamente a la demandada, por la naturaleza de los procedimientos renunciaba a dicho planteamiento una vez se acogiera su solicitud y se permitiera radicar la contestación a la demanda que estaba presentando. Solicitó que de haberse anotado la rebeldía y dictado sentencia en su contra, se dejara sin efecto por las razones señaladas y se le permitiera contestar la demanda.
El 27 de diciembre de 1995 la demandada-apelante compareció nuevamente ante el tribunal recurrido. Informó sobre la sentencia dictada y el escrito por ella presentado el 7 de diciembre de 1995. Alegó tener buenas y válidas defensas, entre ellas, que "lo que reclama el demandante no procede porque [le] cobran por la utilización de un teléfono celular después que se había cancelado el contrato y luego de transcurridos varios años." De igual forma, alegó que no se causaba perjuicio debido a que el señalamiento del caso había sido el primero en un caso que estaba pendiente por sólo dos meses. Solicitó que se dejare sin efecto la sentencia y se señalara el caso para vista en sus méritos. El Tribunal no se expresó sobre esa moción razón por la cual la demandada-apelante presentó el recurso que nos ocupa. 
El 16 de febrero de 1996 las partes presentaron el apéndice conjunto conforme a lo requerido por la Regla 37 del antiguo Reglamento del Tribunal de Circuito de Apelaciones, vigente a la fecha de la presentación del recurso. El 8 de marzo de 1996 dictamos una resolución concediéndole un término a Cortelco para que procediera a presentar su alegato. Cortelco no ha comparecido. Procede que dictemos sentencia revocatoria de la apelada.
La Regla 60, supra, dispone que:

"Cuando se presentare un pleito en cobro de una suma que no exceda de los dos mil (2,000) dólares exclusive de los intereses, y cuando no se solicite específicamente en la demanda tramitar el caso bajo el procedimiento ordinario prescrito por estas reglas, el secretario inmediatamente notificará al demandado por correo o cualquier otro medio de comunicación por escrito.

*612
Si el demandado residiere fuera de Puerto Rico, se hará su citación por edicto de acuerdo a la Regla 4.5.

La notificación especificará la naturaleza de la reclamación y la fecha señalada para la vista. Dicha vista se celebrará en la fecha más próxima posible, pero nunca antes de quince.(15) días de la notificación al demandado. El tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Si el demandado no compareciere, el tribunal, al determinar que fue debidamente notificado y que se le debe alguna suma al demandante, dictará sentencia. Si se demostrare al tribunal que el demandado tiene alguna reclamación sustancial, o en el interés de la justicia, el tribunal podrá ordenar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas."

El caso que nos ocupa trata sobre una reclamación menor de dos mil dólares. Cortelco no solicitó que se tramitara por el procedimiento ordinario. Rige, por consiguiente, el procedimiento dispuesto por la citada regla. Conforme a ésta, el secretario debe notificar a la demandada-apelante, especificando la naturaleza de la reclamación y la fecha señalada para la vista. De no comparecer a la vista y el tribunal determinar que fue debidamente notificada de la existencia de la deuda, se dictará sentencia. Ello es así debido a que en estos casos la incomparecencia del demandado equivale a la rebeldía. Cuevas Segarra, Práctica Procesal Puertorriqueña, II, Procedimiento Civil, Publicaciones J.T.S., pág. 418. Para determinar si se debe dejar sin efecto la sentencia apelada, se debe entonces acudir a las disposiciones atinentes a la rebeldía.
La Regla 45.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 45.3, establece que "jpjor causa justificada el tribunal podrá dejar sin efecto una anotación de rebeldía y, cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2." Las razones por las cuales un tribunal puede relevar a una parte de una sentencia bajo dicho precepto son las siguientes:

"(1) Error, inadvertencia, sorpresa, o negligencia excusable.

(2)Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;

(4) Nulidad de la sentencia;

(5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o

(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia." (Enfasis nuestro.)
Sobre este particular nuestro Tribunal Supreirio ha resuelto que los criterios inherentes a la Regla 49.2 de Procedimiento Civil, son igualmente aplicables a los casos en que se solicita que se deje sin efecto una sentencia dictada en rebeldía. Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283, 294 (1988). En J.R.T. v. Missy Mfg. Corp., 99 D.P.R. 805, 811 (1971), ese Alto Foro expresó que:

"Cuando como en este caso, se aduce una buena defensa y la reapertura no ocasiona perjuicio alguno, constituye un claro abuso de discreción el denegarla. Como regla general, una buena defensa debe siempre inclinar la balanza a favor de una vista en los méritos, a menos que las circunstancias del caso sean de tal ■ naturaleza que revelen un ánimo contumaz o temerario por parte del querellado. Con más razón, cuando el trámite del caso demuestra que la reapertura no ocasiona perjuicio alguno."

A tenor de lo señalado, al considerar una solicitud para que se deje sin efecto una sentencia dictada en rebeldía, el tribunal debe considerar, inter alia, si el proponente tiene una defensa válida y el perjuicio que *613 sufriría la otra parte de concederse el relevo solicitado. Además, se debe examinar el tiempo transcurrido entre la sentencia y la solicitud de relevo como factor a evaluar. Es decir, considerar si la parte proponente ha sido diligente en la tramitación del caso y en su solicitud de relevo de la sentencia. Neptune Packing Corp., págs. 291-294.
En el caso que nos ocupa la demandada-apelante fue diligente. Al enterarse de la vista señalada presentó su contestación a la demanda. Solicitó que de haberse anotado la rebeldía, se dejara sin efecto y se le permitiera contestar la demanda. Ese mismo día el Tribunal dictó la sentencia apelada. Al enterarse, con igual diligencia solicitó que se dejara sin efecto la sentencia luego de transcurrido sólo nueve (9) días del archivo en autos de la copia de su notificación. Por último alegó como una de sus defensas no adeudar cantidad alguna debido a que la reclamación se basó en la utilización de unos servicios luego de varios años de haberse cancelado el correspondiente contrato. La prontitud con que la demandada-apelante presentó ambas mociones, unido a que no surgen elementos ni tenemos constancia de que el dejar sin efecto la sentencia emitida bajo las circunstancias presentes le ocasionen perjuicio a Cortelco, fortalece e inclina la balanza a favor de que se reabra el caso como un justo ejercicio de una sana discreción. Bajo las circunstancias del caso, el tribunal debió haber dejado sin efecto la sentencia y admitido la contestación a la demanda.
A la luz de lo anteriormente señalado, se revoca la sentencia apelada y se ordena la continuación de los procedimientos de conformidad con lo aquí resuelto.
Lo acuerda el tribunal y lo certifica la Secretaria General.
Aida lleana Oquendo Graulau
Secretaria General
ESCOLIOS 96 DTA 157
1. Posteriormente, mediante resolución del 6 de enero de 1996, notificada el 18 de enero de 1996, el tribunal de instancia la declaró no ha lugar de plano.
2. Copia de la notificación de la sentencia fue archivada en autos el 18 de diciembre de 1995 y la demandada-apelante presentó la solicitud el 27 de diciembre de 1995.