Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| LUNA COMMERCIAL II, LLC<br><br>*Recurrida*<br><br>v.<br><br>MAIL EXPRESS CORPORATION, ET AL<br><br>*Peticionario* | KLCE202201234 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>D CD2010-2796<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidente, el Juez Juan Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

### SENTENCIA EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 31 de marzo de 2023.

Examinada la "*Moción Solicitando Reconsideración*" presentada el 9 de enero de 2023 por la parte peticionaria, compuesta por Mail Express Corporation, Torrimar Express Inc., el señor Ramón Flores Garrido, la señora Melissa Martínez Castrillón la Sociedad Legal de Gananciales Flores Martínez, el señor Ramón Flores Esteves, la señora Sonia Garrido Miranda, así también la Sociedad Legal de Gananciales Flores Garrido, al amparo de la Regla 84 del Reglamento del Tribunal de Apelaciones[1], en el ejercicio de nuestra facultad revisora, acogemos la reconsideración a los fines de incluir la discusión del segundo señalamiento de error.

Por los fundamentos que expondremos a continuación, modificamos la *Sentencia* impugnada, emitida el 16 de diciembre de 2022, y nos reiteramos en la determinación esbozada en nuestra Sentencia previa.

### I.

Acogemos los hechos plasmados en la *Sentencia* emitida el 16 de diciembre de 2022. Sin embargo, destacamos que, según surge

---

[1] 4 LPRA Ap. XXII-B, R. 84.

del expediente, el 16 de agosto de 2010, el Banco Popular de Puerto Rico (Banco Popular o acreedor original) presentó *Demanda*[2] en cobro de dinero contra la parte peticionaria en la que reclamó la cantidad de $167,484.72 de principal, más intereses y honorarios. La parte peticionaria compuesta por Mail Express Corporation, Torrimar Express Inc., el señor Ramón Flores Garrido y la señora Melissa Martínez Castrillón, la Sociedad Legal de Gananciales Flores Martínez fueron emplazados personalmente[3]; y la señora Sonia Garrido Miranda, el señor Ramón Flores Esteves y la Sociedad Legal de Gananciales Flores Garrido, fueron emplazados por edicto[4].

Así las cosas, el acreedor original instó una *Solicitud de Anotación de Rebeldía* al amparo de la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1[5]. El 3 de enero de 2011, el TPI dictó *Sentencia en Rebeldía*[6] en la que declaró Con Lugar la demanda instada por el acreedor original, la cual fue notificada por edicto[7] a todas las partes. Asimismo, el 1 de septiembre de 2011, el acreedor original presentó *Moción Solicitando Ejecución de Sentencia.*

Según surge del expediente, el 16 de diciembre de 2022, emitimos una *Sentencia* en la que expedimos el auto de *Certiorari* y

---

[2] Véase, apéndice del recurso de *Certiorari*, anejo A.

[3] Véase, apéndice del recurso de Certiorari, anejos B, C, D y E (emplazamientos).

[4] Véase, apéndice del recurso de *Certiorari*, anejos I, y J.

[5] Véase, apéndice del recurso de *Certiorari*, anejo G.

[6] Véase, apéndice del recurso de *Certiorari*, anejo L.

[7] Legajo 1, autos originales. Detallamos que el 21 de febrero de 2022, ordenamos a la secretaria del Tribunal de Primera Instancia, Sala de Bayamón que nos enviara por correo electrónico copia de la Notificación de la Sentencia por Edicto. Ese mismo día, enmendamos la Resolución, con el único fin de identificar correctamente el número de caso en el TPI. El 24 de febrero de 2023, la secretaria del TPI de Bayamón cumplió lo ordenado. A tenor con lo anterior, correctamente, el TPI notificó la sentencia en rebeldía a las partes, la cual se rige por la Regla 65.3.(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 65.3 que, en su inciso pertinente, dispone lo siguiente:

> (c) En el caso de partes en rebeldía que hayan comparecido en autos, el Secretario o Secretaria le notificará toda orden, resolución o sentencia a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. **En el caso de partes en rebeldía que hayan sido emplazadas, por edictos y que nunca hayan comparecido en autos** o de partes demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante.

confirmamos al Tribunal de Primera Instancia, Sala de Bayamón (TPI o foro primario).

Sin embargo, y dentro del término reglamentario, la parte peticionaria presentó una *Moción Solicitando Reconsideración,* en la cual fundamentó que nuestro foro no atendió el segundo error señalado en el recurso de *Certiorari,* a saber:

> ERRÓ EL TPI AL OBVIAR QUE LA SENTENCIA EN REBELDÍA POR LAS ALEGACIONES DE LA DEMANDA SE DICTÓ IGNORANDO LA FALTA DE PRUEBA DE SOLIDARIDAD Y OBVIANDO QUE LA SENTENCIA NO PROCEDE COMO CUESTIÓN DE DERECHO.

Además, solicitó que se declare con lugar el *Certiorari,* se revoque en todos sus extremos al TPI, incluyendo la *Resolución y Orden* del 13 de octubre de 2022, y se declare que no procede la ejecución de sentencia.

**II.**

**-A[8]-**

Es norma reiterada que [u]n dictamen judicial es final cuando se archiva en autos la notificación y se registra la sentencia, pero se convierte en firme una vez haya transcurrido el término para pedir reconsideración o apelar sin que esto se haya hecho[9].

Nuestro Tribunal Supremo explicó que, una sentencia es final o definitiva "cuando resuelve el caso en sus méritos y termina el litigio entre las partes, en tal forma que <u>no queda pendiente nada más que la ejecución de la sentencia</u>". Lo anterior no significa, sin embargo, que se trate necesariamente de una inapelable[10].

**-B-**

La Regla 45.3 de Procedimiento Civil[11], dispone que el tribunal tiene facultad para dejar sin efecto una anotación de rebeldía por causa justificada y, además, cuando se ha dictado sentencia en

---

[8] Se añade la siguiente doctrina jurídica.
[9] R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., Ed. Lexis Nexis, 2010, Puerto Rico, págs. 378-379. *Cruz Roche v. Colón y otros*, pág. 323.
[10] Véase *Johnson & Johnson Inc. v. Mun. de San Juan,* 172 DPR 840 (2007). (Citas omitidas). *Cruz Roche v. Colón y otros,* 182 DPR 313, 323 (2011).
[11] 32 LPRA Ap. V, R. 45.3

rebeldía, podrá asimismo dejarla sin efecto a la luz de los criterios dispuestos en la Regla 49.2 de Procedimiento Civil[12].

En *Neptune Packing Corp. v. Wackenhut Corp.*[13], el Tribunal Supremo ponderó los siguientes factores al dejar sin efecto una sentencia en rebeldía: (1) las defensas presentadas por la parte rebelde; (2) la etapa de los procedimientos del caso; (3) el perjuicio que le ocasionaría a las partes si levantaban o no la anotación de rebeldía; (4) si el demandante fue quien causó confusión en el proceso y como resultado se le anotó la rebeldía al demandado; y (5) la diligencia del demandado durante el pleito.

**-C-**

Los tribunales pueden relevar a una parte de los efectos de una sentencia, orden o procedimientos por las razones definidas en la Regla 49.2 de las de Procedimiento Civil[14]. Las razones que provee la referida Regla son las siguientes: (1) error, inadvertencia, sorpresa o negligencia excusable; (2) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio; (3) la existencia de fraude extrínseco o intrínseco, falsa representación u otra conducta impropia de la parte adversa; (4) nulidad de sentencia; (5) la sentencia fue satisfecha o renunciada; (6) la sentencia anterior en la cual se fundaba fue revocada; (7) no sería equitativo que la sentencia continúe en vigor; y (8) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia[15].

La persona que se ampara en la Regla 49.2 de Procedimiento Civil, *supra*, debe aducir al menos de una de las razones antes enumeradas[16]. Asimismo, la existencia de una buena defensa, más algunas de las razones antes mencionadas, deben inclinar la

---

[12] 32 LPRA Ap. V, R. 49.2
[13] 120 DPR 290, 291-295 (1988).
[14] 32 LPRA Ap. V, R. 49.2.
[15] *Íd.*
[16] *García Colón et a. v. Sucn. González,* 178 DPR 527, 540 (2010).

balanza a favor de conceder el relevo[17]. No obstante, el relevo no se puede conceder si le ocasiona perjuicio a la parte contraria o si se alegan cuestiones sustantivas que debieron ser formuladas mediante solicitud de reconsideración o una apelación[18]. La facultad para dejar sin efecto una sentencia es discrecional y la revisión apelativa debe dirigirse a evaluar si el foro sentenciador abusó o no al ejercer dicha facultad[19].

Solamente es mandatorio el relevo cuando la sentencia es nula, se violenta el debido proceso de ley o la sentencia fue satisfecha[20]. El Tribunal Supremo de Puerto Rico también ha expresado que "la moción de relevo de sentencia no está disponible para corregir errores de derecho"[21]. Si el foro de instancia comete un error de derecho al dictar sentencia, el error no es fundamento para conceder un relevo[22].

**-D-**

Es un principio de derecho ampliamente reconocido que la solidaridad no se presume. Es decir, sólo tendrá lugar cuando la "obligación expresamente lo determine"[23]. En otras palabras, la solidaridad es una excepción en el régimen de las obligaciones contractuales.

El Tribunal Supremo de Puerto Rico, en *Pérez et al v. Lares Medical et al.*[24] reiteró la diferencia entre mancomunidad y solidaridad, sobre lo cual expresó lo siguiente:

> Cuando concurre una pluralidad de deudores a una obligación, nuestro Código Civil distingue entre las obligaciones mancomunadas y las solidarias. En las obligaciones mancomunadas, cada deudor tendrá que cumplir solamente con la parte de la prestación que le corresponda. En cambio, en una obligación solidaria cada acreedor tiene el derecho a reclamarle a cualquiera de los

---

[17] *Íd.*, págs. 540-541.
[18] *Íd.*, pág. 541.
[19] *García Colón et al. v. Sucn. González, supra*, págs. 540 y 546 esc. 10.
[20] *Íd.*, págs. 540 y 543.
[21] *Íd.*, págs. 542-543.
[22] *Íd.*, pág. 547.
[23] Art. 1090 del Código Civil, sec. 3101. *Campolieto v. Anaya, supra*, a la pág. 597; *Pauneto v. Núñez*, 115 DPR 591, 596 (1984).
[24] 207 DPR 965, 977 (2021).

deudores la totalidad de la prestación y cada uno de los deudores está obligado a realizarla íntegramente.

En las obligaciones solidarias existe una relación entre los acreedores y los deudores, llamada la relación externa, y otra entre los deudores solidarios, llamada la relación interna. En la relación interna, al pagar uno de los deudores más de la porción que le correspondía, procede realizar una redistribución del gravamen entre todos ellos. Por lo tanto, una vez un deudor solidario paga más de la proporción que le corresponde, este tiene una acción de nivelación o de regreso contra los demás codeudores al amparo del Art. 1098 del Código Civil. Este derecho, también llamado de contribución o de reembolso, "es el que tiene un deudor solidario que ha pagado, para recobrar lo que ha pagado en exceso, en relación con la responsabilidad de los codeudores entre sí". Esta característica es distintiva de las obligaciones solidarias ya que, en las obligaciones mancomunadas, los deudores solo responden hasta la porción que les corresponde. Igualmente, distintivo de las obligaciones solidarias es que "[l]a interrupción de la prescripción aprovecha o perjudica por igual a todos los acreedores y deudores".

Como norma general, en nuestro ordenamiento, las obligaciones se presumen mancomunadas cuando concurren una pluralidad de deudores. A modo de excepción, una relación solidaria existe solo cuando las partes lo pactan expresamente *o cuando la ley así lo establezca.*

Es meritorio mencionar que, en lo que respecta a la relación con el acreedor, un fiador solidario es un pagador (deudor) principal y como tal tiene la obligación de cumplir el contrato íntegra y totalmente desde el momento en que el fiado deja de cumplir lo convenido[25]. Según el Artículo 1721 del Código Civil[26], un fiador que se obliga solidariamente con un deudor principal está sujeto a las disposiciones de los Artículos 1090 al 1101[27].

Súmese a lo anterior que, se ha expresado que el lenguaje de los documentos y las circunstancias que rodeen la transacción determinarán si se trata de codeudores o fiadores solidarios. Así, en *Mansiones P. Gardens. Inc. v. Scotiabank, supra,* se tomó en cuenta que se empleara consistentemente el término 'garantía' para describir la acción de las personas envueltas. En ese caso, se otorgó un pagaré por algunos de los fiadores para garantizar un préstamo, por lo que, se determinó que no podía argumentarse dentro del

---

[25] *Mansiones P. Gardens. Inc. v. Scotiabank, supra.*
[26] 31 LPRA sec. 4871.
[27] 31 LPRA secs. 3101 a 3112.

contexto de las transacciones consumadas que su ejecución respondió a un préstamo directo y no a una fianza solidaria.

**III.**

En síntesis, debemos resolver si el TPI actuó correctamente al no dejar sin efecto la *Sentencia en Rebeldía* emitida el pasado 3 de enero de 2011, aun cuando la parte peticionaria argumenta que, el TPI erró al mantener vigente la Sentencia, obviando la falta de prueba de solidaridad en el presente caso.

Tras un examen minucioso del expediente, surge que la parte peticionaria fue debidamente emplazada, pero ninguno de ellos compareció ante el foro primario para formular defensas o mociones dispositivas contra las alegaciones esbozadas en la demanda. Ante ello, la parte peticionaria renunció a su derecho a defenderse de la reclamación, así como de argumentar las razones por las cuales entendía que era de aplicación la doctrina jurídica de solidaridad. Ante el vacío creado por la misma parte peticionaria, esto le permitió al Banco Popular solicitar al TPI la anotación de rebeldía y la sentencia correspondiente.

Al examinar la demanda podemos observar que en esta se identificó a la parte peticionaria como garantizadores solidarios del préstamo objeto de la reclamación, así también, se alegó que el préstamo número 7350026972 era de carácter solidario. Sin embargo, el pagaré suscrito por el señor Ramón Flores Garrido no mencionó a las partes individuales. En la demanda se alegó afirmativamente que todos los componentes de la parte peticionaria eran garantizadores solidarios de la deuda reclamada. Por consiguiente, el efecto de la anotación de rebeldía fue dar por admitida esta alegación.

Así pues, la Sentencia apelada partió de la premisa de una anotación de rebeldía correcta en Derecho. El TPI declaró Con Lugar

la demanda instada por el acreedor original, la cual fue notificada por edicto[28] a todas las partes.

Reiteramos que "[c]omo norma general, en nuestro ordenamiento, las obligaciones se presumen mancomunadas cuando concurren una pluralidad de deudores. A modo de excepción, una relación solidaria existe solo cuando las partes lo pactan expresamente *o cuando la ley así lo establezca*"[29]. En el caso de autos, las partes pactaron la solidaridad y la parte peticionaria renunció a levantar sus defensas cuando optó por no participar en el proceso judicial.

Conforme a lo antes expuesto, a nuestro juicio, el segundo error imputado tampoco fue cometido. La acción tomada por el TPI es cónsona con la normativa vigente. En consecuencia, nos reafirmamos en la *Sentencia* emitida por este foro el 16 de diciembre de 2022.

**IV.**

Por los fundamentos antes expuesto, **expedimos** el recurso de *certiorari* presentado y **confirmamos** la *Sentencia* recurrida.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[28] Legajo 1, autos originales. Véase la Regla 65.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 65.3(c).
[29] *Pérez et al v. Lares Medical et al., supra.*