ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| ANDRÉS RAMÍREZ Y OTROS<br><br>Recurrido<br><br>v.<br><br>JAMES PADILLA GARCÍA<br><br>Peticionario | KLCE202301046 | *Certiorari* procedente del Centro Judicial de Bayamón<br><br>Caso Núm.: DO2022CV00129 (403)<br><br>Asunto: Cobro de Dinero – Ordinario |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 25 de septiembre de 2023.

El Tribunal de Primera Instancia ("TPI") denegó una solicitud de relevo de una sentencia bajo la Regla 49.2 de las de Procedimiento Civil, *infra*. Según explicaremos a continuación, hemos determinado denegar el auto solicitado, pues no se aduce alguna de las circunstancias que la citada regla contempla como motivo para relevar a una parte de unas determinaciones que pudieron haber sido objeto oportunamente de reconsideración o apelación.

I.

En julio de 2022, los señores Andrés Ramírez Malavé y Alberto Ramírez Rodríguez (los "Clientes") presentaron la acción de referencia, sobre cobro de dinero y daños (la "Demanda"), contra el Sr. James Padilla García (el "Mecánico"). En enero de 2023, se enmendó la Demanda.

Los Clientes alegaron que eran dueños de un vehículo de motor, el cual, por hacer unos "ruidos extraños", llevaron al Mecánico. Alegaron que este no hizo el trabajo encomendado y, en vez, les comunicó que el vehículo "no funcionaba y que él 'ya no sabía que más hacer con el carro'". Adujeron que, cuando otro taller examinó el vehículo, se les informó que el Mecánico había sido

negligente, por lo cual los Clientes habían tenido que incurrir en gastos innecesarios y a raíz de lo cual se le ocasionaron daños sustanciales al mismo. Reclamaron la devolución de la labor pagada al Mecánico, del costo de las piezas compradas y que el Mecánico supuestamente dañó, el costo de reparación del vehículo en otro taller, y daños por la pérdida del uso del vehículo y por otros conceptos.

Por no haber contestado oportunamente la Demanda, a pesar de que el Mecánico había comparecido a través de representación legal desde septiembre de 2022, el TPI le anotó la rebeldía al Mecánico. Luego, los Clientes solicitaron que el TPI dictara sentencia sin más trámite, a lo cual el Mecánico se opuso.

Mediante una Sentencia notificada el **21 de junio** de 2023 (la "Sentencia"), el TPI declaró con lugar la Demanda. Condenó al Mecánico a pagar a los Clientes la suma de $19,819.53, más $3,000.00 por costas, gastos y honorarios por temeridad. El 7 de julio, el abogado del Mecánico solicitó al TPI ser relevado de la representación de este.

El **4 de agosto**, luego de que al Sentencia había advenido final y firme, y a través de una distinta representación legal, el Mecánico presentó una *Contestación a la Demanda* y una *Moción Urgente Asumiendo Representación Legal y en Solicitud de Relevo de Sentencia y Solicitud para que se Levante la Anotación de Rebeldía* (la "Moción").

En la Moción, el Mecánico adujo que: (i) faltaba una parte indispensable porque su trabajo se había facturado a través de una corporación; (ii) eran inmeritorias las alegaciones de la Demanda; (iii) no se presentó prueba que sustentara los daños concedidos; (iv) no se debió anotar la rebeldía como sanción, sin que antes se advirtiera a la parte al respecto y se impusieran sanciones menos severas.

Mediante un dictamen notificado el 7 de agosto, el TPI denegó la Moción. El 21 de agosto, el Mecánico solicitó reconsideración, lo cual fue denegado por el TPI mediante una Resolución notificada el 22 de agosto.

Inconforme, el 21 de septiembre, el Mecánico presentó el recurso que nos ocupa. En esencia, reproduce lo planteado en la Moción. En particular, arguye que: (i) no se incluyó como demandado a una corporación que debe considerarse como parte indispensable; (ii) tiene "evidencia nueva" que demuestra la improcedencia de la Demanda; (iii) el TPI no debió anotarle la rebeldía como sanción sin antes advertirle al respecto o imponerle una sanción menos severa; (iv) no se demostraron los daños concedidos por el TPI. Disponemos.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, permite que un tribunal deje sin efecto una sentencia cuando concurre una de las siguientes circunstancias:

a) error, inadvertencia, sorpresa o negligencia excusable;
b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y también el llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
d) nulidad de la sentencia;
e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor, o
f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Al aplicar esta regla, se tiene que hacer un balance entre el principio de que los casos se deben resolver en los méritos haciendo justicia sustancial y el interés de que los litigios lleguen a su fin. *García Colón v. Sucn. González*, 178 DPR 527, 540 (2010).

La decisión de conceder un remedio bajo esta regla descansa en la sana discreción del juzgador, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Rivera v. Algarín*, 159 DPR

482, 490 (2003).  Se entenderá que una sentencia es nula cuando ha sido dictada sin jurisdicción o cuando se ha violado el debido proceso de ley. *Íd.*

Ahora bien, esta regla "**no constituye una llave maestra para reabrir controversias ni sustituye los recursos de apelación o reconsideración**", mucho menos cuando se trata de una sentencia dictada correctamente. *García Colón*, 178 DPR a la pág. 541 (énfasis suplido); *Piazza Velez v. Isla del Río*, 158 DPR 440, 448 (2003); *Ríos v. Tribunal Superior*, 102 DPR 793, 794 (1974).

IV.

Por considerar que fue correcta la decisión del TPI de denegar la Moción, declinamos intervenir con la misma.  Veamos.

Contrario a lo planteado por el Mecánico, no estamos ante una sentencia nula.  No se ha demostrado cómo la Sentencia afectaría los derechos de la corporación que no fue incluida como parte demandada.  Tampoco cómo la ausencia de dicha corporación le impedía al TPI conceder un remedio completo a los Clientes.  Por tanto, no se colocó al TPI en posición de concluir que la corporación era una parte indispensable para adjudicar la Demanda.

Por otra parte, tampoco podía el TPI conceder remedio alguno sobre la base de nueva evidencia.  Ello porque el Mecánico ni siquiera intentó plantear que esta prueba, a pesar de una debida diligencia, no había podido ser descubierta a tiempo para solicitar un nuevo juicio.  No se configura un "fraude" simplemente porque el Mecánico considere que tiene prueba para derrotar las alegaciones de los Clientes.

En resumen, ninguno de los planteamientos del Mecánico configura alguna de las circunstancias bajo las cuales se puede conceder una moción bajo la Regla 49.2, *supra*.  Por ejemplo, lo relacionado con la prueba sobre daños y con la procedencia de la anotación de rebeldía como sanción, son asuntos que debieron

plantearse a través de una petición de *certiorari* ante este Tribunal, una apelación, o ambas. *García Colón v. Sucn. González,* 178 DPR 527, 541 (2010); *Piazza Vélez v. Isla del Río,* 158 DPR 440, 448 (2003); *Ríos v. Tribunal Superior,* 102 DPR 793, 794 (1974). Las partes no pueden utilizar dicha regla como subterfugio para hacer planteamientos que debieron presentarse por otras vías.

Resaltamos, además, que, para ser acreedor a un remedio bajo los incisos primero y sexto de la Regla 49.2, *supra,* es necesario que el promovente haya sido diligente en la tramitación del caso. *Neptune Packing Corp. v. The Wackenhut Corp.*, 120 DPR 283, 292 (1988). En este caso, el Mecánico no fue diligente; además de no contestar la Demanda, sin explicación razonable alguna, tampoco promovió alguno de los recursos que le hubiesen permitido a este Tribunal revisar en los méritos la Sentencia y las determinaciones anteriores del TPI. Aunque el Mecánico enfatiza que tiene una buena defensa en los méritos, este es solo uno de los factores que deben examinarse en este contexto.

En fin, considerados cuidadosamente los planteamientos del Mecánico, a la luz de la totalidad del récord, no podemos concluir que haya cometido error alguno el TPI al denegar la Moción, pues no se demostró que estuviese presente alguna de las circunstancias dispuestas en la Regla 49.2, *supra.*

V.

Por los fundamentos antes expuestos, se deniega el auto de *certiorari* solicitado.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones