Manuela Santos Vda. de Gil, demandante y apelada, v. José Moreda, José Irizarry Cruz y Alberto Moreda, demandados y apelantes.

No. 5911.- –*Sometido:* Enero 19, 1933. *Resuelto:* Febrero 16, 1933.

*José Sabater,* abogado de los apelantes; *E. Báez García,* abogado de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En pleito en cobro de pagaré comparecieron los demandados y, mediante la sustitución de la fianza, obtuvieron el levantamiento del embargo trabado sobre cierta propiedad. Posteriormente el secretario, a instancias de la demandante, anotó la rebeldía de los demandados, y sin que se le hiciera súplica a ese efecto, registró sentencia en rebeldía. No se había librado emplazamiento alguno.

De conformidad con la fraseología del artículo 89 del Código de Enjuiciamiento Civil, la citación en ciertos procedimientos debe contener la prevención de que a menos que la parte demandada comparezca y conteste "el demandante obtendrá fallo por la cantidad exigida en la demanda, especificando la suma." El artículo 194 provee que "si no se hubiere presentado la contestación al secretario de la corte,

dentro del término señalado en la citación, o de su prórroga, si se hubiese concedido, el secretario, a instancia del demandante, deberá hacer constar la rebeldía del demandado, y acto seguido anotará en el récord de la corte la sentencia para el pago de la cantidad especificada en la citación . . . .'' Evidentemente, el artículo 194 presupone la expedición y diligenciamiento de una citación. Si la citación no contiene la prevención prescrita, el secretario carece de facultad para registrar sentencia en rebeldía. *Zapater v. Irizarry*, 15 D. P.R. 538; y *Vías v. Sucesión Pérez*, íd. 732. *A fortiori*, parecería que el secretario no puede registrar una sentencia en rebeldía en un caso en que no se ha librado la citación y en que no se ha concedido prórroga para contestar. De todos modos, el secretario no puede determinar la naturaleza y efecto de una comparecencia con el fin de obtener el levantamiento de bienes embargados, como una sumisión a la jurisdicción de la corte y como una renuncia del derecho de la parte demandada a la prevención estatutaria que generalmente es condición precedente a la entrada por el secretario de una sentencia en rebeldía.

*La sentencia apelada debe ser revocada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*