

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Wilson Rivera Figueroa | Certiorari |
| Recurrido | |
| v. | 2011 TSPR 179 |
| Joe's European Shop, et al. | 183 DPR _____ |
| Peticionarios | |

Número del Caso: CC - 2011 - 710

Fecha: 2 de diciembre de 2011

Tribunal de Apelaciones:

Región Judicial de Arecibo, Guayama y Utuado
Panel XI

Jueza Ponente: Hon. Sol de B. Cintrón Cintrón

Abogado de la Parte Peticionaria:

Lcdo. Sadi R. Antomattei

Abogado de la Parte Recurida:

Lcdo. William W. Díaz Natal

Materia: Incumplimiento de Contrato

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Wilson Rivera Figueroa

   Recurrido

      v.                    CC-2011-710      Certiorari

Joe's European Shop, et al.

   Peticionarios

         Opinión del Tribunal emitida por el Juez Asociado señor
         Kolthoff Caraballo

         San Juan, Puerto Rico, a 2 de diciembre de 2011.

         La controversia que se presenta en el caso de autos nos permite interpretar por primera vez la Regla 52.1 de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V. En específico, debemos determinar si la denegatoria a levantar una anotación de rebeldía por parte de un tribunal de instancia se encuentra contemplada en la expresión "anotaciones de rebeldía" de la mencionada regla. Resolvemos tal interrogante en la afirmativa. Los hechos son los siguientes.

                        I

         En enero de 2010 el Sr. Wilson Rivera Figueroa (recurrido) presentó una demanda por incumplimiento de contrato y daños y perjuicios

contra varios demandados, incluyendo los aquí peticionarios Joe Rodríguez, María Romero y la sociedad legal de gananciales compuesta por ambos (peticionarios). Al mes siguiente, el tribunal de instancia dictó una orden mediante la cual acortó el término para diligenciar los emplazamientos a 90 días. El 10 de mayo de 2010 fueron emplazadas la Sra. María Romero y la sociedad legal de gananciales, más no así el Sr. Joe Rodríguez ni la tienda Joe's European Shop de su propiedad.

Ese mismo día -10 de mayo- el foro de instancia concedió al recurrido un término de 20 días para que informara el estado del proceso de diligenciamiento de los emplazamientos. De su parte, el 28 de mayo de 2010 la sociedad legal de gananciales compuesta por el Sr. Joe Rodríguez y la Sra. María Romero compareció al foro de instancia para solicitar una prórroga, con la intención de presentar posteriormente su alegación responsiva. Según solicitado, el 3 de junio de 2010 el foro de instancia le concedió a la mencionada sociedad legal de gananciales hasta el 30 de julio de 2010 para que contestara la demanda.

Por otro lado, y en cumplimiento con la orden emitida por el foro de instancia el 10 de mayo de 2010, el recurrido compareció el 1 de junio de 2010 para informar que había podido emplazar a la Sra. María Romero y la sociedad legal de gananciales compuesta entre ella y su esposo, el Sr. Joe Rodríguez, pero que luego de varias

gestiones no había podido emplazar al Sr. Joe Rodríguez en su carácter personal, ni a la tienda Joe's European.

Luego de vencido el término original concedido para emplazar a todos los demandados, el 21 de julio de 2010 el recurrido solicitó autorización para emplazar mediante la publicación de edictos al Sr. Joe Rodríguez y a Joe's European Shop.  Junto a dicha solicitud, el recurrido anejó copia del emplazamiento negativo.  Así las cosas, el 29 de julio de 2010 el foro de instancia ordenó la expedición del emplazamiento por edictos dirigido al Sr. Joe Rodríguez y ordenó que el recurrido informara en 30 días sobre las gestiones que se realizaran con relación a dichos emplazamientos.

El 12 de noviembre de 2010 el recurrido informó al foro de instancia que el 2 de septiembre de 2010 se habían publicado los emplazamientos por edictos, y solicitó que se le anotara la rebeldía a los peticionarios.  Así, el 23 de noviembre de 2010 el foro de instancia anotó la rebeldía al Sr. Joe Rodríguez y Joe's European Shop y señaló una vista en rebeldía para el 10 de diciembre de 2010.

Sin embargo, el 2 de diciembre de 2010 los peticionarios solicitaron la desestimación de la demanda.[1] En particular, alegaron que no habían sido emplazados dentro del término de 90 días concedido por el foro de instancia el 1 de febrero de 2010, y que el recurrido no

---

[1] Según alegaron en el recurso, los peticionarios desconocían de la anotación de rebeldía en su contra emitida el 23 de noviembre de 2010.

presentó causa justificada para ello. El 6 de diciembre de 2010 los peticionarios también presentaron una petición de reconsideración a la anotación de rebeldía en su contra, y reiteraron los planteamientos esbozados en su moción de desestimación.

Luego de múltiples incidentes procesales que no son pertinentes a la controversia que nos ocupa, el 31 de marzo de 2011 el foro de instancia anotó la rebeldía a la Sra. María Romero y a la sociedad legal de gananciales compuesta por ésta y su esposo, debido a que, al igual que el señor Rodríguez en su carácter personal, hasta ese momento ninguno de los tres había contestado la demanda. Además, el tribunal señaló otra vista en rebeldía para el 6 de septiembre de 2011.

Finalmente, el 4 de abril de 2011 los peticionarios contestaron la demanda y presentaron a su vez un escrito el cual intitularon "*Moción Mostrando Causa y Solicitando se Levante la Rebeldía*" en el que —*inter alia*— alegaron tener "evidencia fotográfica y testifical que demostrar[ía] la carencia de responsabilidad hacia la parte demandante y el deseo de defenderse ante [ese] Honorable Foro".[2] No obstante, el 20 de abril de 2011 el foro de instancia dictó una resolución negándose a levantar la rebeldía. Inconformes, los peticionarios presentaron, dentro del término provisto, un recurso de *certiorari* ante el Tribunal de Apelaciones para revisar de

---

[2] Véase, Apéndice de la Petición de *certiorari*, pág. 106.

manera interlocutoria la negativa del foro de instancia a levantar dicha anotación de rebeldía.

Sin embargo, el 23 de junio de 2011 el foro apelativo intermedio desestimó el recurso por entender que no tenía jurisdicción. En su resolución el Tribunal de Apelaciones señaló lo siguiente, interpretando la Regla 52.1 de Procedimiento Civil, *supra*:

> Al evaluar los autos advertimos que el asunto planteado versa sobre la denegatoria del levantamiento de la anotación de rebeldía, mas no sobre la anotación propiamente; escenario no contemplado por la precitada regla. Es decir, **las determinaciones relacionadas al levantamiento de la anotación de rebeldía no se encuentran dentro del espectro de decisiones revisables mediante el recurso discrecional del *Certiorari*.**(Énfasis suplido.)[3]

Inconformes, los peticionarios acudieron en recurso de *certiorari* ante esta Curia, advirtiendo la comisión por parte del foro apelativo intermedio del siguiente error:

> Erró el Tribunal de Apelaciones al declararse sin jurisdicción para atender de manera interlocutoria la revisión mediante *certiorari* de una orden del tribunal de primera instancia denegando se levante una anotación de rebeldía.

Finalmente, el 2 de septiembre de 2011 emitimos una resolución paralizando los procedimientos en auxilio de nuestra jurisdicción y ordenándole a la parte recurrida que mostrara causa por la cual no debíamos expedir el recurso y revocar la Resolución del foro apelativo

---

[3] Véase apéndice de la parte peticionaria, pág. 106.

intermedio. La parte recurrida ha comparecido y estamos listos para resolver.

## II

### A. La Rebeldía

El propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación.[4] Recordemos que "...es nota constitutiva de la justicia el tiempo oportuno, por lo que una dilación en la respuesta judicial puede ser una fuente de injusticia".[5] En otras palabras, "justicia tardía equivale a la denegación de la justicia misma".[6] La rebeldía "es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal".[7]

De acuerdo con nuestro ordenamiento procesal civil son tres los fundamentos por los cuales una parte puede ser declarada en rebeldía.[8] El primero y más común es simplemente por no comparecer al proceso después de haber sido debidamente emplazada. En este contexto el demandado que así actúa no incumple con un deber pues tiene el derecho o facultad de no comparecer si no desea hacerlo.

---

[4] J. A. Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, 2da ed., San Juan, Ed. Publicaciones JTS, 2011, T. IV, pág. 1340.

[5] R.L. Vigo, <u>Ética y responsabilidad judicial</u>, Rubinzal-Culzoni Editores, 1era ed., Buenos Aires, pág. 38.

[6] <u>In re Pagani Padró</u>, res. el 5 de abril de 2011, 2011 T.S.P.R. 51.

[7] R. Hernández Colón, <u>Derecho Procesal Civil</u>, 5ta ed., San Juan, Ed. Lexisnexis, 2010, sec. 2701, pág. 287.

[8] Íd.

Sin embargo, lo que el ordenamiento no permite es que, ante el ejercicio de esa facultad o derecho, el proceso se paralice. Es en ese momento que entra en función el mecanismo procesal de la rebeldía, de manera que la causa de acción continúe dilucidándose sin que necesariamente la parte demandada participe.[9] Queda claro entonces que, en virtud de este mecanismo procesal, el ejercicio de la prerrogativa por parte de un demandado de actuar en rebeldía no consigue dilatar el litigio en su contra y constituye una renuncia a la realización de ciertos actos procesales, en perjuicio de sus propios intereses.

El segundo fundamento para que una parte pueda ser declarada en rebeldía surge en el momento en que el demandado no formula contestación o alegación responsiva alguna en el término concedido por ley, habiendo comparecido mediante alguna moción previa de donde no surja la intención clara de defenderse.[10] Desde ese momento la parte demandante puede solicitar o el tribunal *motu proprio* puede declarar a la parte en rebeldía. El tercer fundamento surge cuando una parte se niega a descubrir su prueba después de haber sido requerido mediante los métodos de descubrimiento de prueba, o simplemente cuando una parte ha incumplido con alguna orden del tribunal. En esta instancia y como medida de sanción, el demandante

---

[9] Íd.

[10] Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d., secs. 2682 y 2686.

puede solicitar o el tribunal *motu proprio* puede declarar

a la parte que ha incumplido en rebeldía.[11]

**B. *Regla 45.1 de Procedimiento Civil***

El mecanismo de la anotación de la rebeldía se

encuentra constituido en nuestro derecho procesal civil en

la Regla 45.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V,

la cual dispone lo siguiente:

> **ANOTACIÓN**
>
> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
>
> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3) de este apéndice.
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b) de este apéndice.
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Como adelantamos, la regla 45.1 de Procedimiento

Civil, *supra*, provee un remedio para las situaciones en

las cuales el demandado no comparece a contestar la

demanda o no se defiende de ninguna otra forma, por lo que

no presenta alegación o defensa alguna contra las

---

[11] Véanse las Reglas 9.3, 39.2(a), 34.3(b)(1) y 34.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. V.

alegaciones y el remedio solicitado.[12] Además, aplica a manera de sanción en aquellas instancias en las que alguna parte en el pleito ha incumplido con alguna orden del tribunal.[13]

Nótese que la anotación o denegatoria de anotación de una rebeldía depende de que se hayan satisfecho los requisitos que establece la referida Regla 45.1 de Procedimiento Civil, *supra*. Estos son: que la parte contra quien se reclama la anotación "haya dejado de presentar alegaciones o de defenderse en otra forma" en el término provisto, y que tal "hecho se pruebe mediante una declaración jurada o de otro modo". De cumplirse tales requisitos el Secretario o la Secretaria del Tribunal deberá proceder con la anotación solicitada. No obstante, existen circunstancias en las que tal anotación por parte del Secretario o Secretaria del Tribunal no procede y la parte reclama con éxito el que ésta se levante. Tal podría ser el caso, por ejemplo, en el que se anota la rebeldía o incluso se dicta sentencia en rebeldía –Regla 45.2(a) de las de Procedimiento Civil, *supra*- pero la parte demandada no había sido emplazada.[14]

De otra parte, aunque la rebeldía constituye un mecanismo procesal discrecional para el foro de instancia, tal discreción no se sostiene ante el ejercicio burdo o injusto. Por ejemplo, la Regla 34.3(b)(3) de Procedimiento

---

[12] Álamo v. Supermercado Grande, Inc., 158 D.P.R. 93, 100 (2002).

[13] Íd.

[14] Santos v. Moreda, 44 D.P.R. 546 (1933).

Civil, 32 L.P.R.A. Ap. V, dispone que el tribunal podrá dictar "todas aquellas ordenes que sean justas" entre ellas, sentencias en rebeldía. De manera que, la anotación de rebeldía o el dictar sentencia en rebeldía a una parte como sanción por su incumplimiento con una orden del tribunal siempre debe darse dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción.[15]

Finalmente, en su penúltimo párrafo la Regla 45.1 de Procedimiento Civil, *supra*, señala los efectos o consecuencias de la anotación de rebeldía. Estos efectos se resumen en que se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado contra el rebelde y se autoriza al tribunal para que dicte sentencia,[16] si ésta procede como cuestión de derecho.[17]

## C. Regla 45.3 de Procedimiento Civil

La Regla 45.3 de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V, dispone lo siguiente:

---

[15] Díaz v. Tribunal Superior, 93 D.P.R. 79 (1966).

[16] La Regla 45.1 de Procedimiento Civil, *supra*, advierte que la sentencia en rebeldía dictada por el tribunal deberá cumplir con las disposiciones de la Regla 45.2(b) de Procedimiento Civil, *supra*, en las circunstancias que así lo ameriten. Esto es: no se dictará sentencia en rebeldía contra un(a) menor o una persona incapacitada a menos que estén representados(as) por el padre, madre, tutor(a), defensor(a) judicial u otro(a) representante que haya comparecido en el pleito. Si para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta, o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado o comisionada. Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre.

[17] Continental Ins. Co. v. Isleta Marina, Inc., 106 D.P.R. 809 (1978).

**FACULTAD DE DEJAR SIN EFECTO UNA REBELDÍA**

El tribunal **podrá dejar sin efecto una anotación de rebeldía por causa justificada**, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2. (Énfasis suplido.)

La Regla 45.3 de Procedimiento Civil de 2009, *supra,* es similar a la derogada Regla 45.3 Procedimiento Civil de 1979, 32 L.P.R.A Ap. III.  En Neptune Packing Corp. v. Wakenhut Corp., 120 D.P.R. 283, 293 (1988), señalamos -en el contexto de una solicitud de relevo de una sentencia en rebeldía al amparo de la Regla 45.3 de Procedimiento Civil de 1979, *supra*- que nuestra visión jurisprudencial es una vanguardista "en lo que atañe al ideal de que los casos se ventilen en sus méritos". Esto es, el ideal que surge de nuestra jurisprudencia al considerarse el relevo de una sentencia en rebeldía es que los casos se ventilen en sus méritos.

Refiriéndonos al texto de la Regla 45.3 de Procedimiento Civil de 1979, *supra,* en Neptune Packing Corp. v. Wakenhut Corp., *supra*, págs. 293-294, también señalamos lo siguiente:

Las Reglas 45.3 y 49.2 de Procedimiento Civil de 1979, supra, están estrechamente relacionadas...Expresamente sostenemos que los criterios inherentes a la Regla 49.2 de Procedimiento Civil, supra, tales como si el peticionario tiene una buena defensa en sus méritos, el tiempo que media entre la sentencia y la solicitud de relevo, y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia, son igualmente aplicables cuando se solicita que una sentencia dictada en rebeldía sea dejada sin efecto. (Citas omitidas.)

No obstante, aunque la facultad de un foro de instancia para dejar sin efecto una anotación de rebeldía al amparo de la Regla 45.3 de Procedimiento Civil, *supra,* se enmarca en la existencia de justa causa a la luz de los parámetros expuestos en <u>Neptune Packing Corp. V. Wakenhut Corp.</u>, *supra*, en <u>Díaz v. Tribunal Superior</u>, 93 D.P.R. 79 (1966), señalamos que esta regla debe interpretarse de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía.[18]

Nótese entonces, que mientras en la Regla 45.1 de Procedimiento Civil, *supra*, los requisitos a cumplirse para la anotación de una rebeldía -y lógicamente para que se levante tal anotación ante un incumplimiento- son los expresados en la propia regla, en la Regla 45.3 de Procedimiento Civil, *supra*, el "dejar sin efecto" tal anotación dependerá de la existencia de justa causa. Por ejemplo, el demandando que reclama el levantamiento de una anotación de rebeldía porque puede probar que no había sido emplazado debidamente al momento de la anotación, no necesita una "causa justificada" para probar el levantamiento de esa anotación de rebeldía. Su fundamento en derecho para lograr tal levantamiento sería el incumplimiento por parte del promovente con la Regla 45.1 de las de Procedimiento Civil, *supra*. O sea, el promovente no podrá probar que la parte en rebeldía no contestó la

---

[18] Véase, además, J. A. Cuevas Segarra, <u>op.cit.</u>, pág. 1350.

demanda a pesar de haber sido debidamente emplazada, porque en realidad la parte no fue debidamente emplazada.

De igual forma -y para brindar otro ejemplo- si un codemandado a quien se le anota la rebeldía por alegadamente no haber contestado en el término, puede probar que sí había contestado y que la anotación de la rebeldía en su contra obedeció a una confusión por parte del Secretario o la Secretaria ante los múltiples codemandados en el expediente, su remedio es, de igual manera, solicitar se levante la rebeldía por error en la implementación de la Regla 45.1 de Procedimiento Civil, *supra*. Esto es, la parte no dejó de presentar alegaciones o de defenderse, sino que la anotación obedeció a un error del tribunal.

Ahora bien, cuando la parte no puede utilizar la Regla 45.1 de Procedimiento Civil, *supra*, para conseguir el levantamiento de la anotación de rebeldía en su contra, necesita entonces probar la "causa justificada" que requiere la Regla 45.3. de Procedimiento Civil, *supra*. Esto es, la parte podría presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que puede ocasionarse a la otra parte con relación al proceso es razonablemente mínimo.

## D. Regla 52.1 de Procedimiento Civil

En lo pertinente, la Regla 52.1 de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V, dispone lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, **el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre** la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, **anotaciones de rebeldía**, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis suplido.)

La Regla 52.1 de Procedimiento Civil de 2009, *supra,* corresponde en parte a la Regla 52.1 de Procedimiento Civil de 1979.[19] La misma fue objeto de cambios fundamentales dirigidos a evitar la revisión judicial de aquellas órdenes o resoluciones que dilataban innecesariamente el proceso pues pueden esperar a ser revisadas una vez culminado el mismo, uniendo su revisión al recurso de apelación.[20] Otro de los cambios más fundamentales que aportó la Regla 52.1 de Procedimiento Civil, *supra,* es que permite que en los casos en los que el Tribunal de Apelaciones emita un "no ha lugar" al

---

[19] Véase <u>Informe de Reglas de Procedimiento Civil</u>, marzo 2008, Tribunal Supremo de Puerto Rico, Secretariado de la Conferencia Judicial y Notarial, pág. 598.

[20] R. Hernández Colón, <u>op. cit.</u>, sec. 5515a, pág. 475.

*certiorari*, éste no tiene la obligación de fundamentar su decisión de no expedir el recurso.[21]

La Regla 52.1 de Procedimiento Civil, *supra*, establece una clara prohibición a la revisión en *certiorari* de toda resolución u orden interlocutoria, con varias excepciones. La primera excepción comprende el que la revisión interlocutoria se dé en el marco de una solicitud al amparo de la Regla 56.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V., esto es, una solicitud de remedio provisional.[22] La segunda excepción que la Regla 52.1 de Procedimiento Civil, *supra*, establece para que el Tribunal de Apelaciones pueda considerar recursos de revisión en *certiorari* de órdenes u resoluciones interlocutorias, es el caso de los *injunctions* u órdenes de entredicho provisional, preliminar o permanente.[23] La tercera excepción se da en el caso de una denegatoria a una moción de carácter dispositivo, por ejemplo, una moción de desestimación, de desistimiento, de sentencia sumaria o de sentencia por las alegaciones.

Además de que la Regla 52.1 de Procedimiento Civil, *supra*, exceptúa de su prohibición toda resolución u orden interlocutoria al amparo de las Reglas 56 y 57 de

---

[21] Íd., pág. 477.

[22] Un remedio provisional es una orden que el tribunal dicta a solicitud de una parte por ser necesaria para asegurar la efectividad de la sentencia en su momento. La Regla 56.1 de Procedimiento Civil, supra, menciona de manera no taxativa varios tipos de órdenes provisionales; a saber: el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura y una orden para hacer o desistir de hacer cualesquiera actos específicos.

[23] Regla 57 de Procedimiento Civil, 32 L.P.R.A. Ap. V.

Procedimiento Civil, *supra*, y de la denegatoria de cualquier moción de carácter dispositivo, también exceptúa otras circunstancias como son los casos de relaciones de familia, casos que revistan interés público o situaciones en las que revisar el dictamen evitaría un fracaso irremediable de la justicia. Por último, la Regla 52.1 de Procedimiento Civil, *supra,* también exceptúa las siguientes resoluciones y órdenes: decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, y las **anotaciones de rebeldía.**

Por último, el tratadista José A. Cuevas Segarra plantea que las órdenes o resoluciones interlocutorias emitidas por el Tribunal de Primera Instancia relacionadas con anotaciones de rebeldía **y sus relevos** al amparo de la Regla 52.1 de Procedimiento Civil, *supra*, sí son revisables por el Tribunal de Apelaciones.[24]

### III

Al igual que la Regla 1 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap III, la Regla 1 de Procedimiento Civil de 2009, 32 L.P.R.A. Ap V, requiere que estas nuevas reglas se interpreten "de modo que faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica de todo procedimiento". Por otro lado, en los casos de recursos de *certiorari* para revisar resoluciones u órdenes

---

[24] J. A. Cuevas Segarra, op. cit., pág. 1508.

interlocutorias, la jurisdicción del Tribunal de Apelaciones se extiende únicamente a ciertas circunstancias y a contadas resoluciones u órdenes interlocutorias ya mencionadas, entre las cuales se encuentran las "anotaciones de rebeldía".

A diferencia de la apelación de una sentencia final, el auto de *Certiorari* es un recurso procesal de carácter discrecional.[25] Como ocurre en todos los casos en que se confiere discreción judicial, ésta no se da en un vacío ni en ausencia de unos parámetros. En el caso de un recurso de *certiorari* ante el foro apelativo intermedio tal discreción se encuentra delimitada por el Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, que en su Regla 40 detalla los criterios que deben tomarse en cuenta para ejercer tal facultad discrecional.[26]

-------------------

[25] Negrón v. Srio. de Justicia, 154 D.P.R. 79, 91 (2001).

[26] Dichos criterios son los siguientes:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En el caso de autos el foro apelativo intermedio se declaró sin jurisdicción para atender discrecionalmente el recurso de los peticionarios. Esto es, el Tribunal de Apelaciones determinó que carecía de autoridad para ejercer su discreción en cuanto a si debía intervenir o no en la controversia que tenía ante sí. Tal determinación fue errada. Nos explicamos.

La interpretación que el distinguido panel del Tribunal de Apelaciones hizo con relación a la expresión "anotaciones de rebeldía" de la Regla 52.1 de las de Procedimiento Civil, *supra*, fue demasiado restrictiva. Tal interpretación, por un lado, no se ajusta al texto de la expresión y, por el otro, contradice el sentido de la Regla 1 de Procedimiento Civil, *supra*. Debemos recordar que las palabras, frases y sentencias de un estatuto deben ser interpretadas con "...aquel sentido que esté más en armonía con todas las demás partes del estatuto".[27]

La expresión "anotaciones de rebeldía" –en plural– no sólo implica que el Tribunal de Apelaciones podrá discrecionalmente revisar cualquier determinación interlocutoria de las distintas clases de anotaciones de rebeldía que nuestro derecho procesal concibe, sino que, además, **se refiere lógicamente a la respuesta por parte del tribunal a tal solicitud.** Entiéndase, jurisdicción

_____

Regla 40, 4 L.P.R.A. Ap. XXII-B.

[27] <u>Belaval v. Córdova</u>, 21 D.P.R. 537, 549(1914).

para revisar interlocutoriamente en *certiorari* un error por parte del tribunal en la anotación de una rebeldía, así como revisar la inacción o error del tribunal al negarse a anotar una rebeldía.

Ante un error por parte del tribunal al anotar la rebeldía, la parte afectada tiene el derecho de solicitar el que se levante tal rebeldía por no haberse cumplido con la Regla 45.1. Una denegatoria a esa solicitud conllevaría, conforme al texto de la referida regla, el que se revise en *certiorari* e interlocutoriamente la denegatoria del tribunal de levantar tal anotación de rebeldía. Por otro lado, la inacción o denegatoria por parte del tribunal para anotar la rebeldía equivaldría a un incumplimiento con la Regla 45.1 de Procedimiento Civil, *supra*, por parte de ese foro. Por lo tanto y nuevamente según el texto de la Regla 52.1 de Procedimiento Civil, *supra,* la parte tendría el derecho a que discrecionalmente el Tribunal de Apelaciones revisara interlocutoriamente tal error o inacción.

Por otra parte y como explicamos, solicitar mediante *certiorari* la revisión de una orden o resolución interlocutoria debido a que se anotó erróneamente una rebeldía -pues no se cumplió con lo dispuesto en la Regla 45.1 de Procedimiento Civil, *supra*- es distinto a peticionar que se revise interlocutoriamente la denegatoria a dejar sin efecto una anotación de rebeldía ante la existencia de la "causa justificada" que establece la Regla 45.3 de Procedimiento Civil, *supra*. Los

fundamentos para la solicitud de revisión en ambas reglas son diferentes.

Sin embargo, qué sentido hace el que mientras una determinación al amparo de la Regla 45.1 de Procedimiento Civil, *supra,* de anotar -o rechazar anotar- una rebeldía pudiera ser revisable interlocutoriamente mediante *certiorari* ante el Tribunal de Apelaciones, la determinación del foro de instancia al amparo de la Regla 45.3 de Procedimientos Civil, *supra,* de dejar sin efecto -o negarse a dejar sin efecto- tal determinación no pueda ser igualmente revisable interlocutoriamente en *certiorari.* Ciertamente tal interpretación carecería no sólo de consistencia, sino que contradiría el propósito de la Regla 1 de Procedimiento Civil, *supra,* que requiere que las Reglas de Procedimiento Civil, *supra,* se interpreten de modo que se garantice "una solución justa, rápida y económica de todo procedimiento". Nos explicamos.

Como hemos señalado, si la anotación de la rebeldía no responde a error alguno en la implementación de la Regla 45.1 de Procedimiento Civil, *supra,* el rebelde todavía puede optar por conseguir que se deje sin efecto la anotación de la rebeldía probando la "causa justificada" que requiere la Regla 45.3 de Procedimiento Civil, *supra.* Si el foro de instancia deniega tal solicitud y tal determinación no pudiera ser revisable interlocutoriamente, la consecuencia sería que se dan por admitidos contra el rebelde todos los hechos correctamente alegados. Si la causa de acción contra el rebelde

finalmente prevalece y en apelación resultare que ciertamente existía justa causa para que se dejara sin efecto la anotación de la rebeldía, al levantarse por parte del rebelde tal error probablemente el foro apelativo intermedio tendría que revocar la sentencia del foro de instancia por haber abusado de su discreción, y haberle causado en el proceso un grave perjuicio a la parte perdidosa. Eso, obviamente no cumple con el principio dogmático de nuestro derecho procesal civil  de garantizar una solución justa, rápida y económica de todo procedimiento.

**IV**

Por todo lo anterior, determinamos que en el caso de autos el Tribunal de Apelaciones sí tiene jurisdicción y en el ejercicio de ésta pudiera, conforme a los parámetros de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, ejercer su discreción para expedir o negarse a expedir el recurso. En consecuencia, se expide el auto, se revoca la sentencia del Tribunal de Apelaciones y se devuelve el caso a ese foro para trámites ulteriores, de conformidad con lo aquí pautado.

Se dictará sentencia de conformidad

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Wilson Rivera Figueroa

   Recurrido

      v.                  CC-2011-710      Certiorari

Joe's European Shop, et al.

   Peticionarios


SENTENCIA


San Juan, Puerto Rico, a 2 de diciembre de 2011.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto, se revoca la sentencia del Tribunal de Apelaciones y se devuelve el caso a ese foro para trámites ulteriores, de conformidad con lo aquí pautado.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Fiol Matta concurre con el resultado sin opinión escrita.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo