El Juez Asociado Señor Kolthoff Caraballo
émitió la opinión del Tribunal.
La controversia que se presenta en el caso de autos nos permite interpretar por primera vez la Regla 52.1 de Pro-cedimiento Civil de 2009 (32 L.P.R.A. Ap. V). En específico, debemos determinar si la denegatoria de levantar una ano-tación de rebeldía por parte de un tribunal de instancia está contemplada en la expresión “anotaciones de rebeldía” de la mencionada regla. Resolvemos tal interrogante en la afirmativa. Los hechos son los siguientes.
*584 ) — I
En enero de 2010, el Sr. Wilson Rivera Figueroa (recu-rrido) presentó una demanda por incumplimiento de con-trato y daños y perjuicios contra varios demandados, inclu-yendo los aquí peticionarios Joe Rodríguez, María Romero y la Sociedad Legal de Gananciales compuesta por ambos (peticionarios). Al mes siguiente, el tribunal de instancia dictó una orden mediante la cual acortó el término para diligenciar los emplazamientos a 90 días. El 10 de mayo de 2010 fueron emplazadas la Sra. María Romero y la socie-dad legal de gananciales, mas no así el Sr. Joe Rodríguez ni la tienda de su propiedad Joe’s European Shop.
Ese mismo día —10 de mayo— el foro de instancia con-cedió al recurrido un término de 20 días para que infor-mara el estado del proceso de diligenciamiento de los emplazamientos. De su parte, el 28 de mayo de 2010, la Sociedad Legal de Gananciales compuesta por el Sr. Joe Rodríguez y la Sra. María Romero compareció al foro de instancia para solicitar una prórroga, con la intención de presentar posteriormente su alegación responsiva. Según solicitado, el 3 de junio de 2010, el foro de instancia le concedió a la mencionada Sociedad Legal de Gananciales hasta el 30 de julio de 2010 para que contestara la demanda.
Por otro lado, y en cumplimiento con la orden que emitió el foro de instancia el 10 de mayo de 2010, el recurrido compareció el 1 de junio de 2010 para informar que había podido emplazar a la Sra. María Romero y a la Sociedad Legal de Gananciales compuesta entre ella y su esposo, el Sr. Joe Rodríguez, pero que luego de varias gestiones no había podido emplazar al Sr. Joe Rodríguez en su carácter personal ni a la tienda Joe’s European.
Luego de vencido el término original concedido para em-plazar a todos los demandados, el 21 de julio de 2010, el recurrido solicitó autorización para emplazar mediante la *585 publicación de edictos al Sr. Joe Rodríguez y a Joe’s European Shop. Junto a dicha solicitud, el recurrido anejó copia del emplazamiento negativo. Así las cosas, el 29 de julio de 2010, el foro de instancia ordenó la expedición del empla-zamiento por edictos dirigido al Sr. Joe Rodríguez y ordenó que el recurrido informara en 30 días sobre las gestiones que se realizaran con relación a dichos emplazamientos..
El 12 de noviembre de 2010, el recurrido informó al foro de instancia que el 2 de septiembre de 2010 se habían pu-blicado los emplazamientos por edictos, y solicitó que se le anotara la rebeldía a los peticionarios. Así, el 23 de no-viembre de 2010, el foro de instancia anotó la rebeldía al Sr. Joe Rodríguez y Joe’s European Shop, y señaló una vista en rebeldía para el 10 de diciembre de 2010.
Sin embargo, el 2 de diciembre de 2010, los peticionarios solicitaron la desestimación de la demanda.(1) En particular, alegaron que no habían sido emplazados dentro del término de 90 días concedido por el foro de instancia el 1 de febrero de 2010, y que el recurrido no presentó causa jus-tificada para ello. El 6 de diciembre de 2010, los peticiona-rios también presentaron una petición de reconsideración a la anotación de rebeldía en su contra y reiteraron los planteamientos esbozados en su moción de desestimación.
Luego de múltiples incidentes procesales que no son pertinentes a la controversia que nos ocupa, el 31 de marzo de 2011, el foro de instancia anotó la rebeldía a la Sra. María Romero y a la sociedad legal de gananciales com-puesta por ésta y su esposo, debido a que, al igual que el señor Rodríguez en su carácter personal, hasta ese mo-mento ninguno de los tres había contestado la demanda. Además, el tribunal señaló otra vista en rebeldía para el 6 de septiembre de 2011.
Por último, el 4 de abril de 2011, los peticionarios con-testaron la demanda y presentaron, a su vez, un escrito el *586 cual intitularon Moción mostrando causa y solicitando se levante la rebeldía a los comparecientes en el que, entre otros asuntos, alegaron tener “evidencia fotográfica y tes-tifical que demostrarla] la carencia de responsabilidad ha-cia la parte demandante y el deseo de defenderse ante [ese] Honorable Foro”.(2) No obstante, el 20 de abril de 2011, el foro de instancia dictó una resolución en la cual se negó a levantar la rebeldía. Inconformes, los peticionarios presen-taron, dentro del término provisto, un recurso de certiorari ante el Tribunal de Apelaciones para revisar de manera interlocutoria la negativa del foro de instancia a levantar dicha anotación de rebeldía.
Sin embargo, el 23 de junio de 2011, el foro apelativo intermedio desestimó el recurso por entender que no tenía jurisdicción. En su resolución, el Tribunal de Apelaciones señaló lo siguiente al interpretar la Regla 52.1 de Procedi-miento Civil, supra:
Al evaluar los autos advertimos que el asunto planteado versa sobre la denegatoria del levantamiento de la anotación de rebeldía, mas no sobre la anotación propiamente; escenario no contemplado por la precitada regla. Es decir, las determi-naciones relacionadas al levantamiento de la anotación de re-beldía no se encuentran dentro del espectro de decisiones revi-sables mediante el recurso discrecional del certiorari. (Enfasis suplido.(3)
Inconformes, los peticionarios acudieron en recurso de certiorari ante esta Curia para advertir que el foro apela-tivo intermedio cometió el siguiente error;
Erró el Tribunal de Apelaciones al declararse sin jurisdic-ción para atender de manera interlocutoria la revisión me-diante certiorari de una orden del tribunal de primera instan-cia denegando se levante una anotación de rebeldía. Petición de certiorari, pág. 8.
*587 Por último, el 2 de septiembre de 2011 paralizamos, me-diante resolución, los procedimientos en auxilio de nuestra jurisdicción y ordenamos a la parte recurrida que mostrara causa por la cual no debíamos expedir el recurso y revocar la Resolución del foro apelativo intermedio. La parte recu-rrida ha comparecido y estamos listos para resolver.
r — I I — i
A. La rebeldía
El propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación.(4) Recordemos que “es nota constitutiva de la justicia el tiempo oportuno, por lo que una dilación en la respuesta judicial puede ser una fuente de injusticia”.(5) En otras palabras, “justicia tarda equivale a la denegación de la justicia misma”.(6) La rebeldía “es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal”.(7)
De acuerdo con nuestro ordenamiento procesal civil son tres los fundamentos por los cuales una parte puede ser declarada en rebeldía.(8) El primero y más común es simplemente por no comparecer al proceso después de haber sido debidamente emplazada. En este contexto el demandado que así actúa no incumple con un deber, pues tiene el derecho o la facultad de no comparecer si no desea hacerlo. Sin embargo, lo que el ordenamiento no permite es *588 que, ante el ejercicio de esa facultad o derecho, el proceso se paralice. Es en ese momento que entra en función el mecanismo procesal de la rebeldía, de manera que la causa de acción continúe dilucidándose sin que necesariamente la parte demandada participe.(9) Queda claro entonces que, en virtud de este mecanismo procesal, el ejercicio de la prerrogativa de un demandado de actuar en rebeldía no consigue dilatar el litigio en su contra y constituye una renuncia a la realización de ciertos actos procesales, en peijuicio de sus propios intereses.
El segundo fundamento para que una parte pueda ser declarada en rebeldía surge en el momento en que el de-mandado no contesta o alega en el término concedido por ley, habiendo comparecido mediante alguna moción previa de donde no surja la intención clara de defenderse.(10) Desde ese momento la parte demandante puede solicitar o el tribunal motu proprio puede declarar a la parte en rebeldía. El tercer fundamento surge cuando una parte se niega a descubrir su prueba después de habérsele reque-rido mediante los métodos de descubrimiento de prueba, o simplemente cuando una parte ha incumplido con alguna orden del tribunal. En esta instancia, y como medida de sanción, el demandante puede solicitar o el tribunal motu proprio puede declarar en rebeldía a la parte que ha incumplido.(11)
B. Regla 45.1 de Procedimiento Civil
El mecanismo de la anotación de la rebeldía se encuentra constituido en nuestro derecho procesal civil en la Regla 45.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V, la cual dispone lo siguiente:

*589
Anotación

Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3) de este apéndice.
Dicha anotación tendrá el efecto de que se den por admiti-das las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b) de este apéndice.
La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.
Como adelantamos, la Regla 45.1 de Procedimiento Civil, supra, provee un remedio para las situaciones en las cuales el demandado no comparece a contestar la demanda o no se defiende de ninguna otra forma, por lo que no pre-senta alegación o defensa alguna contra las alegaciones y el remedio solicitado.(12) Además, aplica como sanción en aquellas instancias en las que alguna parte en el pleito ha incumplido con alguna orden del tribunal.(13)
Nótese que la anotación o denegatoria de anotación de una rebeldía depende de que se hayan satisfecho los requi-sitos que establece la referida Regla 45.1 de Procedimiento Civil, supra. Estos son: que la parte contra quien se re-clama la anotación “haya dejado de presentar alegaciones o de defenderse en otra forma” en el término provisto, y que tal “hecho se pruebe mediante una declaración jurada o de otro modo”. De cumplirse tales requisitos, el Secretario o la Secretaria del Tribunal procederá con la anotación solicitada. No obstante, existen circunstancias en las que tal anotación del Secretario o Secretaria del Tribunal no procede y la parte reclama con éxito que ésta se levante. Tal podría ser el caso, por ejemplo, en el que se anota la *590 rebeldía o incluso se dicta sentencia en rebeldía —Regla 45.2(a) de Procedimiento Civil, 32 L.P.R.A. Ap. V— pero la parte demandada no había sido emplazada.(14)
De otra parte, aunque la rebeldía constituye un mecanismo procesal discrecional para el foro de instancia, tal discreción no se sostiene ante el ejercicio burdo o injusto. Por ejemplo, la Regla 34.3(b)(3) de Procedimiento Civil, 32 L.P.R.A. Ap. V, dispone que el tribunal podrá dictar “todas aquellas órdenes que sean justas”, entre ellas, sentencias en rebeldía. De manera que la anotación de rebeldía o dictar sentencia en rebeldía a una parte como sanción por su incumplimiento con una orden del tribunal siempre se debe dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción.(15)
Por último, en su penúltimo párrafo la Regla 45.1 de Procedimiento Civil, supra, señala los efectos o las consecuencias de la anotación de rebeldía. Estos efectos se resumen en que se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde y se autoriza al tribunal para que dicte sentencia,(16) si esta procede como cuestión de derecho.(17)
*591 C. Regia 45.3 de Procedimiento Civil
La Regia 45.3 de Procedimiento Civil de 2009 (32 L.P.R.A. Ap. V), dispone lo siguiente:

Facultad de dejar sin efecto una rebeldía

El tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2 de este título. (Énfasis suplido.)
Esta Regla 45.3 es similar a la derogada Regla 45.3 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III). En Neptune Packing Corp. v. Wakenhut Corp., 120 D.P.R. 283, 293 (1988), señalamos —en el contexto de una solicitud de re-levo de una sentencia en rebeldía al amparo de la Regla 45.3 de Procedimiento Civil de 1979, supra— que nuestra visión jurisprudencial es vanguardista “en lo que atañe al ideal de que los casos se ventilen en sus méritos”. Esto es, el ideal que surge de nuestra jurisprudencia al conside-rarse el relevo de una sentencia en rebeldía es que los ca-sos se ventilen en sus méritos.
Refiriéndonos al texto de la Regla 45.3 de Procedimiento Civil de 1979, supra, en Neptune Packing Corp. v. Wakenhut Corp., supra, págs. 293-294, también señalamos lo si-guiente:
Las Reglas 45.3 y 49.2 de Procedimiento Civil de 1979, supra, están estrechamente relacionadas. ... Expresamente sos-tenemos que los criterios inherentes a la Regla 49.2 de Proce-dimiento Civil, supra, tales como si el peticionario tiene una buena defensa en sus méritos, el tiempo que media entre la sentencia y la solicitud de relevo, y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sen-tencia, son igualmente aplicables cuando se solicita que una sentencia dictada en rebeldía sea dejada sin efecto. (Énfasis suprimido.)
No obstante, aunque la facultad de un foro de instancia para dejar sin efecto una anotación de rebeldía al amparo de la Regla 45.3 de Procedimiento Civil, supra, se *592 enmarca en la existencia de justa causa según los paráme-tros expuestos en Neptúne Packing Corp. v. Wakenhut Corp., supra, en Díaz v. Tribunal Superior, 93 D.P.R. 79, 87 (1966), señalamos que esta regla se debe interpretar de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía.(18)
Nótese, entonces, que mientras en la Regla 45.1 de Procedimiento Civil, supra, los requisitos a cumplirse para la anotación de una rebeldía —y lógicamente para que se levante tal anotación ante un incumplimiento— son los que se expresan en la propia regla, en la Regla 45.3 de Procedimiento Civil, supra, el “dejar sin efecto” tal anotación dependerá de la existencia de justa causa. Por ejemplo, el demandando que reclama el levantamiento de una anotación de rebeldía porque puede probar que no fue emplazado debidamente al momento de la anotación, no necesita una “causa justificada” para probar el levantamiento de esa anotación de rebeldía. Su fundamento en derecho para lograr tal levantamiento sería el incumplimiento por parte del promovente con la Regla 45.1 de Procedimiento Civil, supra. O sea, el promovente no podrá probar que la parte en rebeldía no contestó la demanda a pesar de haber sido debidamente emplazada, porque en realidad la parte no fue debidamente emplazada.
De igual forma —y para brindar otro ejemplo— si un codemandado a quien se le anota la rebeldía por alegada-mente no haber contestado en el término, puede probar que sí había contestado y que la anotación de la rebeldía en su contra obedeció a una confusión por parte del Secretario o la Secretaria ante los múltiples codemandados en el ex-pediente, su remedio es, de igual manera, solicitar que se levante la rebeldía por error en la implementación de la Regla 45.1 de Procedimiento Civil, supra. Esto es, la parte *593 no dejó de presentar alegaciones o de defenderse, sino que la anotación obedeció a un error del tribunal.
Ahora bien, cuando la parte no puede utilizar la Regla 45.1 de Procedimiento Civil, supra, para conseguir el le-vantamiento de la anotación de rebeldía en su contra, ne-cesita entonces probar la “causa justificada” que requiere la Regla 45.3 de Procedimiento Civil, supra. Esto es, la parte podría presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo.
D. Regla 52.1 de Procedimiento Civil
En lo pertinente, la Regla 52.1 de Procedimiento Civil de 2009 (32 L.P.R.A. Ap. V) dispone lo siguiente:
El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dis-puesto anteriormente, el Tribunal de Apelaciones podrá revi-sar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esencia-les, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis suplido.)
La Regla 52.1 de Procedimiento Civil de 2009, supra, corresponde en parte a la Regla 52.1 de Procedimiento Civil de 1979.(19) La misma fue objeto de cambios fimdamen- *594 tales dirigidos a evitar la revisión judicial de aquellas ór-denes o resoluciones que dilataban innecesariamente el proceso pues pueden esperar a ser revisadas una vez cul-minado el mismo, uniendo su revisión al recurso de apelación.(20) Otro de los cambios más fundamentales que aportó la Regla 52.1 de Procedimiento Civil, supra, es que permite que en los casos en los que el Tribunal de Apela-ciones emita un “no ha lugar” al certiorari, éste no tiene la obligación de fundamentar su decisión de no expedir el recurso.(21)
La Regla 52.1 de Procedimiento Civil, supra, establece una clara prohibición a la revisión en certiorari de toda resolución u orden interlocutoria, con varias excepciones. La primera excepción comprende el que la revisión interlocutoria se dé en el marco de una solicitud al amparo de la Regla 56.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V, esto es, una solicitud de remedio provisional.(22) La segunda excepción que la Regla 52.1 de Procedimiento Civil, supra, establece para que el Tribunal de Apelaciones pueda considerar recursos de revisión en certiorari de órdenes u resoluciones interlocutorias, es el caso de los injunctions u órdenes de entredicho provisional, preliminar o permanente.(23) La tercera excepción se da en el caso de una denegatoria a una moción de carácter dispositivo, por ejemplo, una moción de desestimación, de desistimiento, de sentencia sumaria o de sentencia por las alegaciones.
*595 Además de que la Regla 52.1 de Procedimiento Civil, supra, exceptúa de su prohibición toda resolución u orden interlocutoria al amparo de las Reglas 56 y 57 de Procedi-miento Civil, 32 L.P.R.A. Ap. V, y de la denegatoria de cual-quier moción de carácter dispositivo, también exceptúa otras circunstancias como son los casos de relaciones de familia, casos que revistan interés público o situaciones en las que revisar el dictamen evitaría un fracaso irremediable de la justicia. Por último, la Regla 52.1 de Procedi-miento Civil, supra, también exceptúa las siguientes reso-luciones y órdenes: decisiones sobre la admisibilidad de testigos de hecho o peritos esenciales, asuntos relativos a privilegios evidenciarios, y las anotaciones de rebeldía.
Por último, el tratadista José A. Cuevas Segarra plan-tea que las órdenes o resoluciones interlocutorias que emita el Tribunal de Primera Instancia relacionadas con anotaciones de rebeldía y sus relevos al amparo de la Regla 52.1 de Procedimiento Civil, supra, sí son revisables por el Tribunal de Apelaciones.(24)
III
Al igual que la Regla 1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), la Regla 1 de Procedimiento Civil de 2009 (32 L.P.R.A. Ap. V) requiere que estas nuevas reglas se interpreten, “de modo que faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica de todo procedimiento. Por otro lado, en los casos de recursos de certiorari para revisar resoluciones u órdenes interlocutorias, la jurisdicción del Tribunal de Apelaciones se extiende únicamente a ciertas circunstancias y a contadas resoluciones u órdenes interlocutorias ya mencionadas, entre las cuales se encuentran las “anotaciones de rebeldía”.
*596 A diferencia de la apelación de una sentencia final, el auto de certiorari es un recurso procesal de carácter discrecional.(25) Como ocurre en todos los casos en que se confiere discreción judicial, esta no se da en un vacío ni en ausencia de unos parámetros. En el caso de un recurso de certiorari ante el foro apelativo intermedio, tal discreción se encuentra delimitada por el Reglamento del Tribunal de Apelaciones, que en su Regla 40 detalla los criterios que se deben tomar en cuenta para ejercer tal facultad discrecional.(26)
En el caso de autos, el foro apelativo intermedio se de-claró sin jurisdicción para atender discrecionalmente el re-curso de los peticionarios. Esto es, el Tribunal de Apelacio-nes determinó que carecía de autoridad para ejercer su discreción en cuanto a si debía intervenir o no en la con-troversia que tenía ante sí. Tal determinación fue errada. Nos explicamos.
La interpretación que el distinguido panel del Tribunal de Apelaciones hizo con relación a la expresión “anotaciones de rebeldía” de la Regla 52.1 de Procedimiento Civil, supra, fue demasiado restrictiva. Tal interpretación, por un lado, no se ajusta al texto de la expresión *597 y, por el otro, contradice el sentido de la Regla 1 de Proce-dimiento Civil, supra. Debemos recordar que las palabras, frases y sentencias de un estatuto se deben interpretar con “aquel sentido que esté más en armonía con todas las de-más partes del estatuto ...”.(27)
La expresión “anotaciones de rebeldía” —en plural— no solo implica que el Tribunal de Apelaciones podrá discrecionalmente revisar cualquier determinación interlocutoria de las distintas clases de anotaciones de rebeldía que nuestro derecho procesal concibe; sino que, además, se refiere lógicamente a la respuesta del tribunal a tal solicitud. Entiéndase, jurisdicción para revisar interlocutoriamente en certiorari un error del tribunal en la anotación de una rebeldía, así como revisar la inacción o error del tribunal al negarse a anotar una rebeldía.
Ante un error cometido por el tribunal al anotar la re-beldía, la parte afectada tiene el derecho de solicitar que se levante tal rebeldía por no haberse cumplido con la citada Regla 45.1 de Procedimiento Civil. Una denegatoria a esa solicitud conllevaría, conforme al texto de la referida regla, el que se revise en certiorari e interlocutoriamente la de-negatoria del tribunal de levantar tal anotación de rebeldía. Por otro lado, la inacción o denegatoria del tribunal para anotar la rebeldía equivaldría a su incumpli-miento con lo dispuesto en la Regla 45.1. Por lo tanto, y nuevamente según el texto de la Regla 52.1 de Procedi-miento Civil, supra, la parte tendría el derecho a que dis-crecionalmente el Tribunal de Apelaciones revisara inter-locutoriamente tal error o inacción.
Por otra parte y como explicamos, solicitar mediante certiorari la revisión de una orden o resolución interlocuto-ria debido a que se anotó erróneamente una rebeldía —pues no se cumplió con lo dispuesto en la Regla 45.1 de Procedimiento Civil, supra— es distinto a peticionar que se *598 revise interlocutoriamente la denegatoria a dejar sin efecto una anotación de rebeldía ante la existencia de la “causa justificada” que establece la Regla 45.3 de Procedimiento Civil, supra. Los fundamentos para la solicitud de revisión en ambas reglas son diferentes.
Sin embargo, qué sentido hace el que mientras una de-terminación al amparo de la Regla 45.1 de Procedimiento Civil, supra, de anotar —o rechazar anotar— una rebeldía pudiera ser revisable interlocutoriamente mediante certio-rari ante el Tribunal de Apelaciones, la determinación del foro de instancia al amparo de la Regla 45.3 de Procedi-mientos Civil, supra, de dejar sin efecto —o negarse a dejar sin efecto— tal determinación no pueda ser igualmente revisable interlocutoriamente en certiorari. Ciertamente, tal interpretación carecería no solo de consistencia, sino que contradiría el propósito de la Regla 1 de Procedimiento Civil, supra, que requiere que las Reglas de Procedimiento Civil se interpreten de modo que se garantice “una solu-ción justa, rápida y económica de todo procedimiento”. Nos explicamos.
Como hemos señalado, si la anotación de la rebeldía no responde a error alguno en la implementación de la Regla 45.1 de Procedimiento Civil, supra, el rebelde todavía puede optar por conseguir que se deje sin efecto la anota-ción de la rebelda probando la causa justificada que re-quiere la Regla 45.3 de Procedimiento Civil, supra. Si el foro de instancia deniega esa solicitud y tal determinación no se pudiera revisar interlocutoriamente, la consecuencia sera que se dan por admitidos contra el rebelde todos los hechos correctamente alegados. Si la causa de acción contra el rebelde finalmente prevalece y en apelación resul-tase que ciertamente exista justa causa para que se dejara sin efecto la anotación de la rebelda, al levantar el rebelde tal error, probablemente el foro apelativo intermedio ten-drá que revocar la sentencia del foro de instancia por haber abusado de su discreción, y haberle causado en el proceso *599 un grave perjuicio a la parte perdidosa. Eso, obviamente no cumple con el principio dogmático de nuestro derecho procesal civil de garantizar una solución justa, rápida y económica de todo procedimiento.
IV
Por todo lo anterior, determinamos que en el caso de autos el Tribunal de Apelaciones sí tiene jurisdicción y en el ejercicio de ésta pudiera, conforme a los parámetros de la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, ejercer su discreción para expedir o negarse a expe-dir el recurso. En consecuencia, se expide el auto, se revoca la sentencia del Tribunal de Apelaciones y se devuelve el caso a ese foro para trámites ulteriores, en conformidad con lo aquí pautado.

Se dictará sentencia de conformidad.

La Jueza Asociada Señora Fiol Matta concurrió con el resultado sin opinión escrita.

 Según alegaron en el recurso, los peticionarios desconocían de la anotación de rebeldía en su contra que se emitió el 23 de noviembre de 2010.

 Véase Apéndice de la Petición de certiorari, págs. 106 y 107.

 íd., págs. 129-130.

 J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., San Juan, Pubs. J.T.S., 2011, T. IV, pág. 1340.

 R.L. Vigo, Etica y responsabilidad judicial, Buenos Aires, Rubinzal-Culzoni Editores, pág. 38.

 In re Pagani Padró, 181 D.P.R. 517, 569 (2011).

 R. Hernández Colón, Derecho Procesal Civil, 5ta ed., San Juan, Ed. Lexis-nexis, 2010, Sec. 2701, pág. 287.

 íd.

 íd.

 10A Wright and Miller Federal Practice and Procedure: Civil 2d Sees. 2682 y 2686 (1998).

 Véanse: Reglas 9.3, 39.2(a), 34.3(b)(1) y 34.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. V.

 Álamo v. Supermercado Grande, Inc., 158 D.P.R. 93, 100 (2002).

 íd.

 Santos v. Moreda, 44 D.P.R. 546 (1933).

 Díaz v. Tribunal Superior, 93 D.P.R. 79 (1966).

 La Regla 45.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V, advierte que la sentencia en rebeldía que dicte el tribunal deberá cumplir con las disposiciones de la Regla 45.2(b) de Procedimiento Civil, 32 L.P.R.A. Ap. V, en las circunstancias que así lo ameriten. Esto es: “no se dictará sentencia en rebeldía contra un(a) menor o una persona incapacitada a menos que estén representados(as) por el padre, madre, tu-toría), defensor(a) judicial u otro (a) representante que haya comparecido en el pleito. Si para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta, o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado o comisionada. Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre.”

 Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809 (1978).

 Véase, además, Cuevas Segarra, op. cit., pág. 1350.

 Véase Informe de Reglas de Procedimiento Civil, Secretariado de la Confe-rencia Judicial y Notarial, marzo de 2008, pág. 598.

 Hernández Colón, op. cit, Sec. 5515a, pág. 475.

 íd., pág. 477.

 Un remedio provisional es una orden que el tribunal dicta a solicitud de una parte por ser necesaria para asegurar la efectividad de la sentencia en su momento. La Regla 56.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V, menciona de manera no taxativa varios tipos de órdenes provisionales; a saber: el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura y una orden para hacer o desistir de hacer cuales-quiera actos específicos.

 Regla 57 de Procedimiento Civil, 32 L.P.R.A. Ap. V.

 Cuevas Segarra, op. cit, pág. 1508.

 Negrón v. Srio. de Justicia, 154 D.P.R. 79, 91 (2001).

 Dichos criterios son los siguientes:
“(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
“(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
“(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apre-ciación de la prueba por el Tribunal de Primera Instancia.
“(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
“(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
“(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
“(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.” Regla 40 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B.

 Belaval v. Córdova, Juez de Distrito, et al., 21 D.P.R. 537, 549 (1914).