Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| RADAMÉS JORDÁN ORTIZ<br><br>Demandante Apelado<br><br>v.<br><br>CONSEJO DE TITULARES DEL CONDOMINIO DOS MARINAS I Y OTROS<br><br>Demandados Apelantes | KLAN202300971<br><br>CONSOLIDADO<br><br>KLAN202301004 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.:<br>FA2022CV00605<br>(Salón 307)<br><br>Sobre:<br>Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de diciembre de 2023.

Consolidamos dos recursos de apelación presentados separadamente instados por el Consejo de Titulares del Condominio Dos Marinas I (Consejo de Titulares) e In-Servicio, LLC (In-Servicio). Ambas partes solicitan la revocación de la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Fajardo, emitida el 23 de febrero de 2023. Mediante el dictamen recurrido, se les ordenó a los apelantes pagar doscientos setentaicinco mil dólares ($275,000.00) por daños y perjuicios y veinticinco mil dólares ($25,000.00) por las costas, los gastos y los honorarios de abogados. Por las razones que habremos de expresar, se revoca la *Sentencia* apelada.

En síntesis, el caso de epígrafe trata del presunto destrozo y saqueo del apartamento del señor Radamés Jordán Ortiz (señor Jordán Ortiz o recurrido) luego de este haber entregado las llaves de su

vivienda a la corporación In-Servicio LLC para que se hicieran reparaciones a la tubería central del Condominio. En función de esto, el señor Jordán Ortiz presentó una demanda en contra del Consejo de Titulares e In-Servicio por daños y perjuicios. Durante el diligenciamiento de los emplazamientos, el señor Jordán Ortiz confirmó haber emplazado personalmente a In-Servicio, pero no al Consejo de Titulares, al supuestamente no localizar al presidente del organismo. Según la declaración jurada del señor José A. Hernández Gajate (señor Hernández Gajate o emplazador), este se presentó al Condominio y fue atendido por la administradora del Consejo de Titulares, quien le dijo que ella no estaba autorizada a recibir documentación legal. Ante esto, el emplazador suministró su número telefónico y esperó por la llamada del referido presidente, cual nunca llegó. No se efectuaron otros actos para localizar al presidente.

Al supuestamente no poder entregar el emplazamiento personalmente, el señor Jordán Ortiz solicitó al foro primario que se emplazara por edicto al Consejo de Titulares, lo cual fue declarado ha lugar. Tiempo después, sin el Consejo de Titulares o In-Servicio presentar respuesta a la demanda, el señor Jordán Ortiz solicitó la anotación de rebeldía de los codemandados, la cual fue ordenada por el foro primario. Sin notificar al Consejo de Titulares o a In-Servicio, el Tribunal de Primera Instancia celebró una vista en rebeldía con el señor Jordán Ortiz. Subsiguientemente, el foro primario dictó *Sentencia*, notificada a los codemandados mediante edicto.

Oportunamente, In-Servicio presentó una *Moción urgente de reconsideración y/o solicitando relevo de sentencia bajo la Regla 49.2(a)(f) "Remedios contra la sentencia u órdenes y otros asuntos"*,

alegando que la aseguradora Multinational Insurance Company no le advirtió que su póliza no cubría los hechos en controversia. Igualmente, el Consejo de Titulares presentó una *Moción de reconsideración y/o de relevo de sentencia*, argumentando que la diligencia del emplazador fue insuficiente para ameritar un emplazamiento por edicto, más que el costo de los daños adjudicados en contra del Consejo de Titulares es excesivamente inflado y no tiene fundamento probatorio para validarlo. Luego de evaluar las referidas solicitudes, la oposición del señor Jordán Ortiz y otros trámites procesales, el foro primario dictó sin lugar las peticiones de los codemandados.

Por todo lo anterior, el Consejo de Titulares recurrió ante este Tribunal, alegando que el foro primario erró (1) al permitir el emplazamiento por edicto basado en una declaración jurada estereotipada, (2) al no reconsiderar o relevar los efectos de la *Sentencia*, (3) al condenarlo a pagar una suma excesiva de daños y perjuicios, y (4) al imponer costas, gastos y honorarios de abogado por temeridad. De manera similar, In-Servicio recurrió ante este Tribunal, argumentando que el foro primario erró al no dejar sin efecto la *Sentencia* y al imponer costas, gastos y honorarios de abogado por temeridad.

Vale recordar que nuestro ordenamiento establece un mecanismo procesal para solicitar el relevo de los efectos de una sentencia, a fin de evitar que se vean frustrados los fines de justicia. Véase Regla 49.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V); *Pérez Ríos et al. v. Luma Energy*, LLC, 2023 TSPR 136. Específicamente, dispone que se podrá relevar a una parte o a su representante legal de una sentencia, entre otras causas, por error, inadvertencia, sorpresa o negligencia

excusable; también, por nulidad de la sentencia. Regla 49.2 de Procedimiento Civil de 2009, *supra*. Sin embargo, para obtener el relevo es necesario que el promovente de la solicitud haya sido diligente en la tramitación del caso. *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283 (1988).

Por otra parte, los tribunales están obligados a desalentar la práctica de falta de diligencia y de incumplimiento con sus órdenes mediante su efectiva, pronta y oportuna intervención. *Mejías Montalvo et al. v. Carrasquillo Martínez et al.*, 185 DPR 288 (2012) (citando a *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807 (1986)). La determinación de desestimar una demanda o eliminar las alegaciones de una parte se debe ejercer juiciosa y apropiada. *Mitsubishi Motor Sales of Caribean, Inc. v. Lunor, Inc.*, 2023 TSPR 110 (citando a *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494 (1982)). Véase, también, *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689 (2020). Ello, debido a la norma judicial de que los casos se ventilen en sus méritos. *Mitsubishi Motor Sales of Caribean, Inc. v. Lunor, Inc.*, *supra* (citando a *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, *supra*, pág. 701; *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823 (1962)).

Cónsono con lo anterior, un tribunal solo tendrá jurisdicción sobre una persona si esta fue debidamente emplazada, de conformidad con el derecho constitucional del debido proceso de ley. *Rivera Torres et al. v. Días López et al.*, *supra* (citando a *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018); *Torres Zayas v. Montano Gómez*, 199 DPR 458 (2017); *Quiñones Román v. Cía. ABC*, 152 DPR 367 (2000); *First Bank of PR v. Inmob. Nac. Inc.*, 144 DPR 901 (1998)).

De esta manera, el demandado podrá comparecer ante el foro primario, ejercer su derecho a ser oído y defenderse. *Bernier González v. Rodríguez Becerra*, *supra*, pág. 644 (citando a *Banco Popular v. SLG Negrón*, 164 DPR 855 (2005)). De no ser emplazado conforme a ley, el foro primario deberá declarar su falta de jurisdicción y desestimar la reclamación sin entrar en sus méritos. *Peña Lacern v. Martínez Hernández et al.*, 210 DPR 425 (2022) (citando a *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018)). En otro sentido, si un tribunal decreta una sentencia sin el demandado haber sido correctamente emplazado conforme a ley, tal dictamen será nulo. *Álvarez Elvira v. Arias Ferrer*, 156 DPR 352 (2002) (citando a *Acosta v. ABC, Inc.*, 142 DPR 927 (1997)).

Ahora bien, cabe señalar que la Regla 4.3(c) de *Procedimiento Civil* dispone en lo pertinente que "[e]l emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda". Regla 4.3 de Procedimiento Civil de 2009, *supra*. De tratar de emplazarse una corporación o compañía, el emplazador debe entregar copia del emplazamiento y de la demanda a un oficial, gerente administrativo o cualquier otro agente autorizado para recibir nombramientos. Regla 4.4 de Procedimiento Civil de 2009, *supra*. De transcurrir el término de ciento veinte (120) días sin que se hubiese diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Íd.; Véase, también, *Bernier González v. Rodríguez Becerra*, *supra*. No obstante, cuando el demandante intenta infructuosamente emplazar personalmente al demandado dentro de los ciento veinte (120) días, el foro primario puede autorizar que se emplace por edicto al demandado,

igualmente dentro de los ciento veinte (120) días de haberse emitido la orden. Véase Reglas 4.3 y 4.6 de Procedimiento Civil de 2009, *supra*. Para que proceda dicho emplazamiento, el demandante debe acreditar mediante declaración jurada las diligencias realizadas para localizar y emplazar al demandando. Regla 4.6 de Procedimiento Civil de 2009, *supra*.

Conviene destacar que la declaración jurada referida en la Regla 4.6 de *Procedimiento Civil* debe expresar hechos específicos y no meras conclusiones o generalidades, es decir, se debe incluir las personas con quienes se investigó y su dirección. *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982 (2020) (citando a *Global v. Salaam*, 164 DPR 474 (2005); *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15 (1993)). Como buena práctica de diligenciamiento, el emplazador debe tratar de inquirir de las autoridades de la comunidad, cuales incluyen la policía, el alcalde y el administrador de correos. *Global v. Salaam*, *supra* (citando a Mundo v. Fuster, 87 DPR 363 (1963)). Es imperativo que el foro primario tenga en cuenta "todos los recursos razonablemente accesibles al demandante para hallar al demandado, y si se ha agotado toda posibilidad razonable disponible para poder localizarlo". Íd., pág. 483 (citando a *Lanzó Llanos v. Banco de la Vivienda*, 133 DPR 507, 515 (1993)).

Presumiendo que se haya diligenciado el emplazamiento por edicto, la Regla 10.1 requiere que el demandado presente su contestación a la demanda dentro de los treinta (30) días de haberse publicado el edicto. Regla 10.1 de Procedimiento Civil de 2009, *supra*. De no disponer de una contestación dentro del referido término, se le podrá anotar la rebeldía del demandado, siempre y cuando se pruebe mediante una declaración jurada o de otro modo. Regla 45.1 de

Procedimiento Civil de 2009, *supra*. Consecuentemente, la anotación de rebeldía tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas. Íd. No obstante, el foro primario podrá dejar sin efecto una anotación de rebeldía por justa causa, es decir, si se presenta evidencia de razón justificada por la dilación, o que existe una buena defensa en sus méritos y el grado de perjuicio contra la otra parte con relación al proceso es razonablemente mínimo. Regla 45.3 de Procedimiento Civil de 2009, *supra*. Véase *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).

De conformidad con los hechos de este caso, según surgen del expediente, la declaración jurada del emplazador fue insuficiente para justificar el emplazamiento por edicto del Consejo de Titulares. Según aparece en la declaración jurada, el señor Hernández Gajate se personó en el Condominio una sola vez, para solo dejar su número de teléfono y esperar que el demandado lo contactara o buscara a él, desistiendo de cualquier otro diligenciamiento o gestión afirmativa para localizar al presidente del Consejo de Titulares. No inquirió con alguna de las múltiples autoridades del municipio o el mismo Consejo de Titulares, tampoco se personó en el Condominio más de una vez, ni intentó localizar al presidente en su residencia principal.

Es evidente, por tanto, que la declaración jurada del emplazador, mas bien demostró la deficiencia del diligenciamiento, por lo que no ameritaba un emplazamiento por edicto. En consecuencia, por el Consejo de Titulares no haber sido emplazado según es su derecho, la *Sentencia* dictada por el Tribunal de Primera Instancia es inválida, ergo nula, con la consecuencia de no tener efecto jurídico alguno con

respecto a los afectados por la misma que surgen de los casos KLAN202300971 y KLAN202301004.

Por los fundamentos expuestos, revocamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones